## TROW CITY DIRECTORY CO. *v.* CURTIN.

### (*Circuit Court, S. D. New York.*  December 1, 1888.)

1. COPYRIGHT—ACTION FOR INFRINGEMENT—PLEADING.

    A bill for infringing a copyright, which fails to aver that plaintiff delivered or mailed to the librarian of congress a printed copy of the title of the copyright book, that within 10 days after its publication he delivered or mailed to such librarian two copies of the book, and that he inserted in each copy of the book published, on the title-page or page following, the words, "Entered according to act of congress, in the year ——, by A. B., in the office of the librarian of congress, at Washington," is fatally defective.

2. SAME.

    An averment that "the copyright was taken out by [plaintiff] previous to the publication thereof, in full accordance with the requirements of the laws of the United States," does not tender an issue of fact, but states a legal conclusion, and is insufficient.

3. SAME — SPECIAL DEMURRER — EQUITY — PENALTIES AND FORFEITURES — ENFORCEMENT.

    A special demurrer to the parts of the bill which ask a court of equity to enforce penalties and a forfeiture, and for a discovery and delivery up to be destroyed of defendant's books, will be sustained.

In Equity.   On demurrer to bill.

Bill by the Trow City Directory Company against Hugh A. Curtin for the infringement of complainant's copyright.   Rev. St. U. S. § 4956, referred to in the opinion, provides that—

"No person shall be entitled to a copyright unless he shall, before publication, deliver at the office of the librarian of congress, or deposit in the mail, addressed to the librarian of congress at Washington, District of Columbia, a printed copy of the title of the book  *  *  *  for which he desires a copyright, nor unless he shall also, within ten days from the publication thereof, deliver at the office of the librarian of congress, or deposit in the mail addressed to the librarian of congress, at Washington, District of Columbia, two copies of such copyright book."

Section 4962 provides that—

"No one shall maintain an action for the infringement of his copyright unless he shall give notice thereof by inserting in the several copies of every edition published, on the title-page or the page immediately following,  *  *  *  the following words: 'Entered according to act of congress, in the year ——, by A. B., in the office of the librarian of congress, at Washington.'"

*H. Aplington,* for complainant.

*E. N. Tafft,* for defendant.

WALLACE, J.   The demurrer to the complainant's bill is well taken, and must be sustained as to each ground assigned.   The bill of complaint is defective in failing to allege the performance of the acts required by sections 4956, 4962, Rev. St. U. S., which are essential, and conditions precedent to the title of the proprietor of a copyright.   *Wheaton* v. *Peters,* 8 Pet. 591; *Jollie* v. *Jaques,* 1 Blatchf. 618; *Parkinson* v. *Laselle,* 3 Sawy. 330; *Music Co.* v. *Paper Co.,* 19 Fed. Rep. 758.   The allegation that "the copyright was taken out by the said Trow City Directory Company, pre-

vious to the publication thereof, in full accordance with the requirements of the laws of the United States," is not sufficient. It does not tender any issue of fact, but is the statement of a legal conclusion. *Lipe* v. *Becker*, 1 Denio, 568; *Frary* v. *Dakin*, 7 Johns. 78. While it is not necessary or proper to state what is merely matter of evidence, the substantive issuable facts upon which the pleader's cause of action depends must be alleged. The special demurrer to the parts of the bill which ask a court of equity to enforce penalties and a forfeiture, and seek for a discovery, surrender, and delivery up to be canceled and destroyed of the copies of the defendant's directory, is supported by the authority of *Stevens* v. *Gladding*, 17 How. 447.