## CHURCH v. WALKER.

1. Under Comp. Laws, § 1489, requiring the notice of contest of an election to office to set forth the facts and grounds on which contestant relies, a notice which alleged that the contestant "was duly elected" sufficiently stated that he possessed the legal qualifications, where such allegation was not denied except by the specific denial that he received a majority of the votes polled in the two precincts specified in the notice.

2. Where a ticket has a cross in a circle at the head thereof, every name on such ticket not erased must be counted for that ticket, and the judges of election cannot count the ballot as a vote for any person or any other ticket on such ballot. Laws 1895, Chap. 85, § 3.

3. Where a cross outside the circle on a ballot appeared to have been made intentionally with a pencil, while a cross within the circle was made with the official stamp, the judges should have presumed that the cross outside the circle was made as an identifying mark, and declined to count the ballot.

4. Where an imperfect cross was made at the right of a certain name, and may have been made for the purpose of indicating a purpose to vote for the candidate for the same office on another ticket, without accomplishing such purpose, the ballot should have been counted, though the mark was intentionally made.

5. Ballots defaced by ink blots should not have been rejected where the blotting seemed to have been accidental, and not intentional, and caused mainly by the use of poor paper for the ballots.

6. The construction to be given the markings on official ballots is a question for the court, and not for the jury, and hence is properly brought before the supreme court by bill of exceptions.    FULLER, J., dissenting.

(Opinion filed July 14, 1897.)

Appeal from circuit court, Lyman county.    Hon. FRANK B. SMITH, Judge.

Statutory contest proceedings to test the election of defendant to the office of county judge.    Plaintiff had judgment and defendant appeals.    Affirmed.

The facts are stated in the opinion.

*James Brown* and *John G. Bartine*, for appellant.

The notice of contest is fatally defective.    Smith v. Harris, 32 Pac. 616; Whitney v. Blackburn, 21 Id. 874; Gillespie v. Dion, 44 Pac. 954; Rutledge v. Crawford, 27 Id. 779; Batterton v. Fuller, 60 N. W. 1071.

*S. H. Wright* and *I. N. Auld*, for respondent.

CORSON, P. J.· This was an election contest, wherein the plaintiff claimed he was duly elected county judge of Lyman county, but that, by a mistake in counting the vote, the canvassers declared the defendant elected, and issued to him a certificate of election.    Judgment for the plaintiff and the defendant appeals.

Upon calling the first witness on the part of the plaintiff, the defendant objected to the introduction of any evidence under the notice of contest, upon the ground, among others, that "the notice of contest does not state facts sufficient to constitute a cause of action, and because the court has no jurisdiction to try the case, for the reason that the notice of contest fails to allege that plaintiff is eligible to the office of county judge of said county, and fails to state that plaintiff is a citizen of the United States, or that he is twenty-five years of age, or that he had resided in the state of South Dakota for one year preced-

ing his election, or at the time of the election he was a resident of the county of Lyman, S. D., or that plaintiff is learned in the law; * * * and the notice of contest is not signed by the district attorney of said county, and does not show that said contest is allowed by the court or the judge thereof." The objection was overruled, and an exception taken. It affirmatively appears from the abstract that "no evidence whatever was offered or received tending to prove that plaintiff was at any time a citizen of the United States, or of the age of twenty-five years, or that he had resided in Lyman county for one year preceding his election, to-wit, at the time of the general election, in November, 1896, or that at the time of such election, or at any other time, he was a resident of said Lyman county, or that he was learned in the law, or that he possessed any of the qualifications required by the constitution of the state for the office of county judge." The grounds of the objection having been specifically pointed out at the time the objection was made, and it affirmatively appearing that no evidence was given to supply the facts claimed to have been omitted from the notice of contest, the question is fairly presented as to the sufficiency of the notice of contest.

There are no allegations in said notice as to plaintiff's qualifications, other than those found in paragraphs 1 and 5 of the notice, which are as follows: "(1) That the plaintiff is an elector of said county, and was a candidate regularly and duly nominated * * * in convention assembled for the office of county judge, at said election, * * * and that the defendant was the only opposing candidate for said position or office." "(5) The plaintiff alleges that he received a majority of the legal votes cast at said election for the office of county judge of said county, and was duly elected to said office; and he further alleges that, if said errors and mistakes were corrected, it would clearly appear that he was elected." It is contended by the appellant that as the contest was brought by the respondent in his own name, to establish his title to the office, he must

show by the averments in his notice of contest that he possesses the requisite qualifications to entitle him to hold the office, and that a failure to allege and prove that he possesses the requisite qualifications renders the notice of contest and the judgment fatally defective. As will be observed, in the first paragraph the plaintiff states that he was regularly and duly nominated for the office of county judge, and that in paragraph 5 he alleges that he was duly elected, having received a majority of the legal votes cast at the election, and that, when the errors and mistakes referred to in the other paragraphs are corrected, it will appear that he was duly elected. If, therefore, it was necessary for the plaintiff to allege in his notice of contest that he possessed the requisite qualifications to entitle him to hold the office—a point we do not deem it necessary to decide in this case—the allegations in the notice were sufficient. Rounds v. Smart, 71 Me. 380; Ledbetter v. Hall, 62, Mo. 422. In the latter case the supreme court of Missouri says: "1 Wag. St. p. 573, § 54, provides that, 'in every contested election, the party contesting shall give to the opposite party notice in writing, ten days before the term of the court, at which such contest is to be tried, specifying the grounds upon which he intends to rely, the name of all voters objected to, with the objections.' * * * The statement in the notice, that the contestant had been duly and legally elected to the office in controversy, necessarily implied his eligibility for the official position. But the statute, as above seen, makes no requirement of the kind in the notice referred to." It will be noticed that the statement required in the Missouri statute is quite similar to that required to be stated in the notice under our contest statute. Comp. Laws, § 1489. The last clause of that section reads as follows: "Which notice of contest shall be in writing, and shall set forth the facts and grounds upon which the contestant relies in his contest, and may be verified as a pleading in a civil action." The allegation in the notice of contest that "he was duly elected" was not denied, except by the specific

denial that the plaintiff received a majority of the votes polled in the two precincts specified in his notice; hence no proof was required, under the allegations in his notice, and the denials in the answer, that he possessed the requisite qualifications. The fact that he was eligible was in legal effect admitted by the answer, there being no general denial. The other objections made to the notice of contest were, in our opinion, untenable, and the court ruled correctly in admitting evidence under it.

This brings us to the merits. There were a number of ballots challenged by the respective parties at the trial, and the original ballots were very properly annexed to and made a part of the bill of exceptions. As the respondent served an additional abstract, in which he denies that the ballots in controversy contained the markings stated by appellant in his original abstract, we are required by our rules to examine the original bill of exceptions, to determine which abstract is correct. On the canvass by the county board of canvassers, that board determined that the defendant received 98 votes; and the plaintiff 95 votes, and the certificate of election was accordingly issued to the defendant. On the trial the learned circuit court held that the judges of election erroneously counted three votes for the defendant which should have been counted for the plaintiff, and concluded that the plaintiff received a majority of the votes polled at the election, and was therefore legally elected. These three votes were apparently counted for the defendant by the judges of election for the reason that a cross was made to the left of the name of the defendant, notwithstanding the fact that the tickets on which the plaintiff was a candidate were properly marked by a cross in the circle at the head of the tickets, and plaintiff's name was not erased. The action of the judges was in direct conflict with the statute and two decisions of this court. Laws 1895, Chap. 85, § 3; Vallier v. Brakke 7 S. D. 343, 64 N. W. 180; McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23. In these cases the court held that, when a ticket has a cross in the circle at the head thereof, every name on

that ticket not erased must be counted for that ticket, and the judges of election have no right to count that ballot as a vote for any person on any other ticket on the ballot.

The objection made by the appellant to one of the ballots that, though plainly marked by a cross in the circle at the head thereof, there was also a cross outside the circle, but at the head of the same ticket, should have been sustained. The cross outside the circle seems to have been made intentionally with a pencil, while the cross in the circle was made with the official stamp. If the cross outside the circle was made by mistake, the elector should have procured another ballot. On failure to do so the judges of election should have presumed it was made as an identifying mark, and should have declined to count the ballot for any candidate. Parmley v. Healy, 7 S. D. 401, 64 N. W. 186; Zeis v. Passwater (Ind. Sup.) 41 N. E. 796; Parker v. Orr (Ill. Sup.) Id. 10. 2; Sego v. Stoddard (Ind. Sup.) 36 N. E. 204. The effect of the imperfect cross made to the right of the name of Henry E. Mayhew, candidate for state auditor, is a matter of some doubt. But, though made intentionally, it may have been made for the purpose of indicating a purpose to vote for J. H. Kipp for state auditor, but without accomplishing that purpose. Hence we are of the opinion that this ballot was properly counted.

Appellant further contends that a number of ballots should have been rejected, and not counted for the reason that they were blotted, and thereby so marked that they might be identified. But while there are several ballots somewhat defaced by ink blots, we do not discover anything to indicate that the blotting was intentional, or made with the purpose of marking the ballots, but, on the contrary, the blotting seems to have been the result of accident, caused mainly by the use of exceedingly poor paper for the official ballots (common printing paper). Looking, therefore, at the ballots themselves, no court would be justified in holding that the blots and marks upon the ballots were intentionally made for the purpose of iden-

tification or otherwise. The effect of such marks upon the ballots was fully considered by the supreme court of California in the important case of Rutlege v. Crawford, 91 Cal. 526, 27 Pac. 779, and the conclusion arrived at that when, from the appearance of the ballot, the blot or mark might be the result of accident, the court would, in the absence of proof to the contrary, presume it was the result of accident and not design.

This disposes of all the ballots claimed to have marks upon them except two, upon which the names of one or more of the candidates, not the plaintiff or defendant, were written in with ink upon a different ticket; but as one was counted for the defendant, and one for the plaintiff, and the result was not affected, we do not deem it necessary to pass upon this question at this time.

The appellant further contends that the booths in the Second precint, where the election was held, were not properly arranged, and that the voter did not have secured to him the proper privacy in marking and depositing his ballot; and the appellant alleges in his answer that frauds were perpetrated at that precinct. But, as there was no motion for a new trial, the evidence in the case is not before this court for review. Gade v. Collins 8 S. D. 322, 66 N. W. 466. We must therefore presume in favor of the judgment, that the allegations of the answer were not supported by the evidence. The ballots objected to were properly before us by the bill of exceptions, as the interpretation or instruction to be given the markings upon them presents a question of law for the court, and not a question of fact for the jury. LeClaire v. Wells (S. D.) 64 N. W. 519. Finding no error in the record, the judgment of the court below is affirmed.

Fuller, J. (dissenting). Under Sections 1489 and 1491 of the Compiled Laws, none but a candidate or person claiming the right to hold an office can institute an election contest in his own name, and upon his own motion, and this court has

expressly held that a failure to state facts in the notice of contest sufficient to entitle him to the office invalidates the entire proceeding. As the notice of contest is the jurisdictional paper, constituting, in effect, both the summons and complaint, a statement therein that the contestant was an elector of the county, and a candidate for the office which he seeks to recover, is not sufficient to confer jurisdiction upon the court to hear and determine the case. Batterton v. Fuller, 6 S. D. 257, 60 N. W. 1071. Although an elector and a candidate receiving a majority of the legal votes cast, plaintiff has no right to the office, nor authority to invoke the power of a court, unless he be at least 25 years' of age, learned in the law, a citizen of the United States, and a resident of this state for at least one year next preceding his election to the office of county judge. Const. Art. 5, § 25. It nowhere appears either by proof or averment that plaintiff possesses any of the foregoing qualifications. A candidate's claim that he is entitled and as a matter of law qualified to enter upon and perform the duties of the office in dispute is the jurisdictional basis for a contest instituted in his own name as the real party in interest, without leave first obtained; and, in order to maintain the proceeding, he must, together with other material averments, allege facts as to eligibility sufficient, when established by competent proof at the trial, to entitle him to a final judgment awarding him the office. It is beyond my power to combine words into a more glaring example of a conclusion of law than the expression "duly elected," which, according to the intimation of the majority opinion, is a substantive averment that he possesses the various constitutional qualifications absolutely essential to the validity of the judgment, which this court has affirmed, and by which the lower court awarded plaintiff the possession of the office, together with the costs of the action to be taxed against the defendant. An allegation that plaintiff was a "legally qualified elector, and was entitled to vote at such election," was held to be a mere conclusion of law, and therefore not admitted by a

demurrer.    Brown v. Phillips, 71 Wis. 239, 36 N. W. 242.    "It is not enough to aver that, on a day named, the plaintiff was duly appointed receiver by the court of chancery" (Gillet v. Fairchild, 4 Denio, 80), or that S. "was duly appointed trustee under the will" (Cruger v. Halliday, 11 Paige, 314.)    "A general allegation in a pleading of the performance of a condition precedent in insufficient, except in cases of contract, where it is authorized by statute."    Rhoda v. Alameda Co., 52 Cal. 350. An averment that "the copyright was taken out by plaintiff previous to the publication thereof, in full accordance with the requirements of the laws of the United States," is but a conclusion of law, tenders no issue, and is wholly insufficient.    Directory Co. v. Curtin, 36 Fed. 829.    The following cases hold squarely that, in order to enable a candidate to institute and maintain an election contest for the purpose of obtaining a judgment awarding him the office, he must allege facts showing that he possesses the qualifications required by the constitution to make him eligible to such office, and, if not, his notice of contest is but a nullity.    State v. Long, 91 Ind. 351; Rutledge v. Crawford, 91 Cal. 526, 27 Pac. 779.    A conclusion of law requires no denial, and the legislature never intended to thus violate the philosophy of pleading and the plainest principles of justice, by providing a remedy that enables a defeated candidate to obtain an elective office by the process and judgment of a court, without averring and proving facts entitling him to hold the same under statutory and constitutional law.    Appellant's objection to the introduction of any evidence under the notice of contest ought to have been sustained, and the proceeding dismissed.