## CHURCH V. WALKER.

1. In contesting the right to an office to which the contestant was a candidate, the issue being who received the most of the legal votes cast, the qualification of either contestant or contestee need not be alleged or proved.

2. Unless a ballot has been intentionally marked so as to enable a third person to determine from an inspection, without other aid, that the same was deposited by a particular person, the judges of election should presume the marking was inadvertently done, and count the ballot. FULLER, J., dissenting.

(Opinion filed Feb. 2, 1898.)

On rehearing.

Statutory contest proceeding. Plaintiff had judgment and defendant appealed. In an opinion handed down July 14, 1897, 10 S. D. 90, 72 N. W. 101, the judgment was affirmed. Appellant petitioned for a rehearing, which was granted. Former decision adhered to, but the opinion therein is modified as herein indicated.

*J. G. Bartine* and *James Brown*, for appellant.

*S. H. Wright* and *I. N. Auld*, for respondent.

CORSON, P. J. This case was decided at the April term, 1897, of this court, and is reported in 10 S. D. 90, 72 N. W. 101. Upon petition a rehearing was granted, and the case was reargued at the present term of this court.

The appellant claimed in his petition for a rehearing, and now contends, that the court fell into an error in holding that the allegations of the complaint as to plaintiff's eligibility were not denied. We are not satisfied that the court committed any error in assuming from the pleadings that the qualifications of plaintiff were not denied, but, conceding such to be the fact, it would not affect the decision in this case, as we are of the opinion that when a contest is instituted by one who was a candidate for the office, he will be presumed to be eligible to hold the office for which he was nominated, and to which he claims

to have been elected. The rule applicable to parties bringing an action in a representative capacity has no application to such a case. Such a contestant, under the statute, institutes the proceedings as an individual, in his own name, and the same presumption should apply to him as to an ordinary plaintiff. The statute provides that a candidate claiming the right to an office contested shall give notice thereof in writing to the person whose election he intends to contest, "which notice of contest * * * shall set forth the facts and grounds upon which the contestant relies in his contest." Comp. Laws, § 1489. The contestee may, within 10 days, answer the notice by admitting or denying the facts alleged therein, and "state any other grounds upon which he rests the validity of his election." Id. § 1490. The court is then required to proceed in a summary manner to determine the issues raised. The evident design and object of this proceeding is to ascertain which of the two candidates has received the requisite number of legal votes to entitle him to the office; in other words, which candidate has a majority or plurality (when plurality elects) of the legal votes cast at the election for candidates for the office. If the contestant has received such a majority or plurality, he is *prima facie* entitled to the office as against the contestee, who has not received a majority or plurality. If the contestee failed to receive such majority or plurality, he has no right to the office, whether the contestant is qualified to hold the office or not. Batterton v. Fuller, 6 S. D. 257, 60 N. W. 1071. If the contestant failed to receive a majority, he has no claim to the office, though the contestee does not possess the requisite qualifications. When, therefore, the contest is between two candidates for an office, the issue is as to which of the two has received a majority or plurality of the legal votes cast, and the question of the eligibility of either contestant or contestee is entirely immaterial. If the contestant claims the office by virtue of a prior election or appointment, and claims to hold over as against an ineligible contestee (Batterton v. Fuller, *supra*),

or if the contestant brings his action as an elector with the approval of the state's attorney, or court, the issue of the eligibility of the contestee may be material, for, in the former case, the contestant, if successful, would retain the office, and, in the latter, if the contestee should prove to be ineligible, the office would become vacant, to be filled by an appointment. The statute seems to provide for a contest in three classes of cases: (1) When the contestant is a candidate for the office, and claims that he received a majority or plurality of the votes cast; (2) when the contestant claims the office, though not a candidate therefor; and (3) when the contestant is an elector, and brings the contest, in effect, under the authority of the state. When the contestant is a candidate, and institutes the proceedings in his own name as such, the question of the qualifications of the contestant and the contestee is an immaterial one, and need not be alleged or proved. In the case at bar, therefore, the contestant having been a candidate, and having instituted the proceeding as such, it was not necessary to allege or prove that he possessed the required qualifications. Such an issue would have been immaterial.

The appellant further contends that the court erred in holding that certain pencil marks and crosses found upon two of the ballots counted by the court for the respondent were not identifying marks that rendered the ballot invalid. We are satisfied that we went too far in holding that the one ballot referred to in the opinion was invalid, and in holding that "the judges of election should have presumed it was made as an identifying mark, and should have declined to count the ballot for any candidate." This we now hold was not a correct interpretation of the law applicable to the identification of ballots. Upon more mature consideration we held in McMahon v. Polk, 10 S. D. 296, 73 N. W. 77, that "the legislature never intended ro disfranchise a legal voter, who, in substantially complying with the mandatory requirements of the law, has, without an evil purpose, but by accident or inadvertence, made a blot or

mark upon his ballot, which in no manner tends to distinguish the same, or divulge the secret within his breast." This undoubtedly is the better rule, and one more in harmony with the spirit and intent of our ballot system. Unless, therefore, the ballot has been marked intentionally, and so marked as to enable a third person to determine from an inspection of it, without other aid, that the same was deposited by a particular person, the judges of election should presume that the marking was inadvertently done, and count the ballot. The obect to be attained by the Australian ballot law is to insure a secret ballot, that is, secret as to the judges of election and third persons. It would be difficult to lay down any rule that would prevent the voter himself from identifying his own ballot, and any attempt to do so would be futile. Adopting this view, the ruling of the circuit court was clearly correct, and the three ballots counted by it for the respondent were properly so counted. The decision of this court in affirming the judgment of the court below was correct, but the opinion in that case is modified as herein indicated.

FULLER, J. (dissenting). Being firmly convinced that appellant's objection to the introduction of any evidence under the notice of contest was well taken, I now adhere to the views expressed in my former dissenting opinion (Church v. Walker, 10 S. D. 90, 72 N. W. 101), and still think the case should be reversed.