WOODRUFF, Respondent, v. HELTIBRIDLE, Appellant.

(156 N. W. 579.)

(File No. 3807.    Opinion filed March 4, 1916.)

1. **Elections—Ballots—Cross in One Circle, Obliterated Mark in Another, Effect—Identifying Mark—Statute.**

Where a ballot had a plain cross in a circle in front of the name of one candidate, and another mark, probably a cross, in the circle in front of another candidate's name, which had been partially obliterated by scratching and erasing, the ballot was invalid; as such mark furnished a certain means of identification, and also made the ballot a spoiled one, under Pol. Code, Sec. 1922, providing that a spoiled ballot may be returned and a new one obtained in its place.

2. **Same—Ballot—Distinguishing Marks—Void, Though Without Fraud.**

Where ballots bear marks probably intended as crosses, which marks were evidently partially obliterated, they were invalid, as containing illegal identification marks, although no actual fraud or corruption appeared in the record.

Appeal from Circuit Court, Hand County. Hon. JOHN F. HUGHES, Judge.

Action by Harlan Woodruff, against J. W. Heltibridle, to contest an election for County Commissioners. From a judgment adjudicating a tie vote between the contestants, and cancelling

defendant's certificate of election, and from an order denying a new trial, defendant appeals. Reversed and remanded, with directions.

*Harlan J. Bushfield,* for Appellant.

*John Pusey,* and *S. V. Ghrist,* for Respondent.

(1) To point one of the opinion, Appellant cited: Laws of 1913, Ch. 198, Sec. 2; Pol. Code, Secs. 1894, 1914, 1916, 1922; Laws 1893, Ch. 80, Sec. 4; Laws 1899, Ch. 81; Vallier v. Brakke, 7 S. D. 354; Church v. Walker, 10 S. D. 90; Treat v. Morris, 127 N. W. 554; McMahon v. Polk, 10 S. D. 304; McKittrick v Pardee, 8 S. D. 39.

Respondent cited Hawser v. Pepper, 8 N. D. 484.

McCOY, J. This action was instituted by plaintiff to contest the election for county commissioner held in one of the commissioner districts in Hand county on November 3, 1914. The election canvassing board found that plaintiff had received 162 votes, and that defendant had received 165 votes, and declared defendant elected to said office, and issued to him a certificate of election. Plaintiff alleged that certain ballots were erroneously counted for defendant, and that certain other ballots were erroneously not counted for plaintiff, by reason of which plaintiff should have been declared legally elected to said office instead of defendant. After hearing the evidence on the trial, the court found that the vote, as between plaintiff and defendant, had resulted in a tie, and that neither plaintiff nor defendant had been elected, each having received 160 votes, and the judgment was thereupon rendered canceling defendant's certificate of election. From the judgment and order denying a new trial, defendant has appealed.

[1] Appellant assigns the insufficiency of the evidence to support the findings and judgment and that the trial court erred in the conclusions of law. On the recounting of ballots on the trial, defendant objected to the counting of twelve ballots as votes for plaintiff, and plaintiff objected to the counting of seven ballots as votes for defendant. These nineteen contested ballots were a part of the findings and are a part of the appeal record now before this court. We have examined each of these contested ballots and the objections thereto, and are of the view that the learned trial court found correctly as to them all, except six thereof, being those designated in the record as "Exhibits A1, A4, A7, B1, D2, and E1." These six last-mentioned ballots are the only ones that

will be necessary for us to consider. Ballots A1, A4, B1, and E1, each had a plain cross, made with the official stamp, in the circle in front of plaintiff's name; it is also evident, from inspection, that each of these four ballots had a mark, made with the official stamp, in the circle in front of defendant's name, and which mark in all human probability, in view of the surrounding circumstances, was a cross, intentionally made by the voter, but which mark in the circle in front of defendant's name had been partially obliterated by scratching and erasures. Ballot D2 had a plain cross in the circle in front of defendant's name, with a partially obliterated and erased mark in the circle in front of plaintiff's name. Under the findings and conclusions of law, ballots A1, A4, B1, and E1 were counted for plaintiff, and D2 for defendant. We are of the view that none of these five last-mentioned ballots should have been counted at all for either candidate. This method of marking a ballot by the voter furnishes a sure and certain means for identification, and also made the ballot a mutilated and spoiled ballot. Section 1922, Pol. Code, provides that spoiled ballots may be returned and a new ballot obtained in place thereof. This court, in Church v. Walker, 10 S. D. 90, 72 N. W. 101, and in Ward v. Fletcher, 36 S. D. 98, 153 N. W. 962, has said that, if the cross outside the circle was made by mistake, the voter should have procured another ballot. If the voter by mistake makes and places a cross in a wrong circle in front of the name of a candidate not intended to be voted for by him, the same reasoning applied in these former decisions of this court would require him to return such spoiled ballot and procure a new one, instead of erasing and mutilating the cross thus made by mistake; otherwise his erasures and mutilations might serve as a means of identifying the ballot cast by him.

We are also of the view that ballot A7 was erroneously counted for defendant. This ballot was erased and mutilated the same as ballots like A1, but as to other candidates than plaintiff or defendant. For the same reasons as applied to ballots like A1, this ballot A7 should not have been counted for any one.

[2] The foregoing holding results in there having been 156 legal ballots cast for plaintiff and 158 legal ballots cast for defendant. The chief purpose and object of the enactment of the Australian ballot law was to prevent fraud and corruption at

elections, and as a potent means for accomplishing this purpose the law requires that certain formalities in the marking of ballots must be observed, one of which is that they must not show or contain any distinguishing or identification marks, and another is that a spoiled ballot must be returned. While no actual fraud or corruption on the part of any one appears in the record of this case, still we are of the view that these particular six ballots in question were marked in such a manner as to constitute an unauthorized and illegal marking which rendered them ineffectual and void as legal ballots.

The judgment and order appealed from are reversed, and the cause remanded, with directions to enter judgment for defendant, dismissing plaintiff's contest upon the merits.