## DUNN, Respondent, v. GAMBLE, Appellant.

### (198 N. W. 821.)

(File No. 5362.    Opinion filed April 28, 1924.)

1. **Reference—Referee—Appeal and Error—Contestant's Exceptions in Proceedings Before Referee Held Sufficiently Saved.**

    Where a contestant in proceedings before a referee reserved exceptions to various rulings, and on report of the referee filed with the trial court exceptions to certain findings of fact and conclusions of law as required by trial courts rule 41, the exceptions were saved as fully as though contained in formal specifications of error.

2. **Elections—Reference—Appeal and Error—Contests Are Informal; Contests May Be Tried by Referee in Summary Manner; Motion for New Trial Unnecessary; Appeal in Contests Governed by Special Statute.**

    Under Rev. Code 1919, Sec. 7342, election contests are informal, may be tried by a referee in a summary manner, necessitate no motion for a new trial (trial courts rule 44), and on appeal are governed by a special statute (section 7345).

3. **Elections—Ballots—Evidence—Ballot Having Improperly Printed Across Face "Official Ballot" Held Properly Counted.**

    A ballot, which had printed across its face the words "official ballot" in a manner to indicate that they were placed

thereon by an election judge by mistake while marking the official ballots preparatory to handing them to the voters, held properly counted.

4. **Elections—Ballots—Evidence—Ballot, Indelible Marking of Which Had Been Smeared by Attempted Erasure, Held Not Entitled to Be Counted; "Spoiled Ballot"**

Where a voter, after indelibly marking a ballot near the edge of the circle at its head, attempted apparently by wetting his finger to erase the cross, with the result that he smeared the purple coloring outside and inside the circle, and thereafter made another cross in the center of the circle, held, that such ballot was a "spoiled" one, under Rev. Code 1919, Sec. 7272, and contained an identification mark, in violation of Laws 1921, c. 222.

5. **Elections—Ballots—Evidence—Ballot Marked by Heavy Cross Extending Considerably Beyond Rim of Circle in Which Made Held Not Entitled to Be Counted; "Identification Mark."**

A ballot, on which the voter had made a cross in the circle at the head extending the ends of the cross a considerable distance beyond the rim of the circle and had marked back and forth several times, held to contain an "identification mark" within Laws 1921, c. 222.

6. **Elections—Evidence—Election Judges Must Determine Voter's Intent, if Possible, Which Must Be Expressed as Provided by Statute.**

Under Rev. Code 1919, Sec. 7265, election judges are required to ascertain the intent of the voter, if possible, and count the vote accordingly, though such intent must be expressed in a manner provided for by statute in order to be entitled to be counted.

7. **Elections—Ballots—Ballots Marked Both at Head of Ticket and in Front of Candidate's Name Held Properly Counted.**

Ballots marked in the circle at the head of the ticket and also in the circle before the names of one or more candidates held properly counted.

8. **Elections—Ballots—Election Contests—Ballots Erroneously Marked in Some Instances Held Properly Counted as to Those Correctly Marked.**

Ballots marked in a cross in the circle before the names of opposing candidates on different tickets held, if not otherwise irregular, properly counted for the candidates other than those improperly marked.

Appeal from Circuit Court, Aurora County; Hon. FRANK B. SMITH, Judge.

Proceeding by P. G. Dunn to contest the election of Everett Gamble to the office of County Treasurer. From judgment declaring a tie and directing that the right to the office be determined by lot as provided by statute, defendant appeals. Reversed.

*R. C. Bakewell* and *D. K. Barrett,* both of Plankinton, for Appellant.

*Donald Fellows,* of Plankinton, and *W. D. Shouse,* of White Lake, for Respondent.

(4)   To point four of the opinion, Appellant cited: Heltibridle, 37 S. D. 35, 156 N. W. 579; Church v. Walker, 10 S. D. 90, 72 N. W. 101; Ward v. Fletcher, 36 S. D. 98, 153 N. W. 962.

(5)   To point five, Appellant cited: Tschetter v. Ray, 28 S. D. 604, 604 N. W. 976.

(6)   To point six, Appellant cited: Valier v. Brakke, 7 S. D. 543, 64 N. W. 180; Treat v. Morris, 25 S. D. 615, 127 N. W. 554.

POLLEY, J.   This appeal grows out of an election contest in Aurora county. At the November election in 1922, Dunn, the plaintiff, and Gamble, the defendant, were opposing candidates for the office of county treasurer. The canvassing board found that defendant had received more votes than plaintiff and declared defendant elected. Plaintiff, claiming that he had received a greater number of legal votes than defendant, instituted a contest in the circuit court. The matter was referred to and tried by a referee, who, after hearing the evidence and examining the disputed ballots, found that both candidates had received the same number of legal votes and that a tie existed. Upon motion by defendant the circuit court confirmed the report of the referee and entered judgment for the defendant. The judgment decreed, among other things, that no choice had been made by the voters; that the election certificate that had been issued to defendant was void, and that defendant be ousted from the office; that the tie that existed between plaintiff and defendant be decided by lot as provided by section 7317, Code 1919. This direction was carried out by the county auditor, with the result that plaintiff was declared to be elected and he immediately took possession of the office. From this judgment defendant appeals to this court.

[1]   The disputed questions are submitted to this court upon

certain alleged errors of the referee, but respondent contends that we have no right to consider such errors because no proper specifications were submitted to the trial court. We do not understand that this is necessary in this kind of a case. During the trial appellant took exceptions to various rulings of the referee. When the report of the referee was presented to the trial court for confirmation, appellant filed exceptions to certain of the findings of fact and conclusions of law made by the referee, as required by rule 41. The exceptions so filed presented to the court the ·exceptions that had been saved by appellant at the trial and submitted them to the trial court for review as fully as though they had been contained in formal specifications of error.

[2] Election contests are informal in their nature and are to be disposed of in a summary manner. Section 7345, Code 1919. They may be tried by a referee. Section 7342, Code 1919. No motion for a new trial is required (trial courts rule 44), and appeals to this court are governed by special statute. Section 7345, Code 1919.

[3-5] This brings us to the determination of the number of legal votes cast for the respective parties to this action. Appellant and respondent each took exceptions to the counting of certain ballots for the other party on the grounds: First, that such ballots bear marks of erasures and are therefore "spoiled ballots" under the provisions of section 7273, Code 1919. Second, for the reason that such ballots bear distinguishing marks that enable a voter or a·third party to identify them under the provisions of section 7273, Code 1919, as amended by chapter 222, Laws 1921. Third, on the ground that certain ballots had been marked contrary to the manner provided by section 7264, Code 1919. Fourth, on the ground that certain ballots are marked in the circle at the head of the ticket and also in the circle before the name of the candidates on the same tickets. Fifth, on the ground that certain ballots are marked in the circle at the head of the ticket and also in the circle in front of the names of certain candidates on other tickets. Sixth, exception was taken to the counting of a ballot for plaintiff that had printed across the face thereof the words "official ballot." These words have the appearance of having been placed on the ballot by one of the election judges by mistake while in the act of marking the official ballots preparatory to handing

them to the voters. There is nothing to indicate or suggest that these words were put there by the voter, or that they were put there for the purpose of identification, and the ballot was properly counted. Without going into detail as to the other ballots that were objected to by both parties, we think the referee was right in all of his rulings with but two exceptions. Exhibit J 3 on page 113 of the settled record was counted for plaintiff. This ballot was marked by the voter by placing a cross in the circle at the head of the ticket. The cross was made with an indelible pencil very near the rim of the circle. The voter appears to have then wet his finger and attempted to erase the cross. The result was that he cmeared the purple coloring matter over the surface of the paper outside as well as inside of the circle. He then made another cross in the center of the circle. The result was a spoiled ballot under the provisions of section 7273, Code 1919, and also making a conspicuous identification mark in violation of chapter 222, Laws 1921. This ballot should not have been counted. Exhibit I 8 on page 178 of the settled record is very similar to Exhibit J 3. The voter made a cross in the circle at the head of the ticket by extending the ends of the cross a considerable distance beyond the rim of the circle and made the cross by rubbing the pencil several times back and forth across the circle, thus leaving a conspicuous identification mark on the ballot. This ballot should have been excluded. Exhibit A 10 on page 313 of the settled record was marked almost exactly like Exhibit I 8. The mark on the Exhibit A 10 was in the circle in front of defendant's name, and was excluded by the referee.

[6] Under the provisions of section 7265, the judges of election are required to ascertain the intention of the voter, if it can be done, and to count the vote accordingly; but the voter must express his intention in the manner pointed out by the statute (Ward v. Fletcher, 36 S. D. 98, 153 N. W. 962), and where the voter has expressed his intention otherwise than in the manner provided by law the vote should be excluded.

[7] The ballots that were marked in the circle at the head of the ticket and also in the circle before the names of one or more candidates on the same ticket were properly counted. Where a voter makes a cross in the circle at the head of a ticket, he votes for every candidate on that ticket, and to place a cross in

the circle before the names of the individual candidates on the same ticket has no effect whatever.

[8] On some ballots a cross was placed in a circle before the names of opposing candidates other than plaintiff and defendant, on different tickets. This does not vitiate the whole ballot. It merely nullifies the vote as to the opposing candidates voted for, and in the absence of other irregularities such ballots were properly counted for plaintiff and defendant respectively.

By excluding the two ballots Exhibit I 8 and A 10 that were improperly counted for plaintiff, defendant has two more votes than plaintiff and should be declared to be elected.

The judgment appealed from is reversed.

Note.—Reported in 198 N. W. 821. See, Headnote (1), American Key-Numbered Digest, Reference, Key-No. 100(4), 34 Cyc. 861; (2) Elections, Key-Nos. 269, 301, 305(1), 20 C. J. Sec. 270 (1925 Annos.), Sec. 381, Sec. 382 (1925 Annos.); (3) Elections, Key-No. 186(1), 20 C. J. Sec. 181; (4) Elections, Key-No. 194(9), 20 C. J. Sec. 198; (5) Elections, Key-No. 194(7), 20 C. J. Sec. 199; (6) Elections, Key-No. 180(1), 20 C. J. Sec. 184; (7) Elections, Key-No. 180(5), 20 C. J. Sec. 187; (8) Elections, Key-No. 186(4), 20 C. J. Sec. 192.

For authorities discussing the question of irregularities in marking ballots, see note in 16 L. R. A. 754.

On validity and construction of law as to marking official ballots, see note in 47 L. R. A. 806.