CORDES, Appellant, v. EASTMAN, Respondent

(9 N. W.2d 142.)

(File No. 8630. Opinion filed April 24, 1943.)

**John T. Milek,** of Sturgis, for Appellant.

**E. V. Morrill,** of Sturgis, for Respondent.

PER CURIAM. Plaintiff and defendant were opposing candidates for the office of County Commissioner in Meade County at the general election in 1942. The County Canvassing Board determined that the defendant had been elected by a majority of two votes. Plaintiff instituted recount proceedings under the provisions of SDC 16.18. The County Recount Board declared defendant elected by a majority of one vote. This result was reviewed upon certiorari by the circuit court, which determined that the election resulted in a tie vote and ordered that the result be determined by lot under the provisions of SDC 16.1817. Plaintiff has appealed.

Plaintiff questions the ruling of the trial court upon only one disputed ballot. This ballot is identified as Exhibit A-5. However, under the provisions of SDC 16.1829 the entire record of the proceedings in the circuit court is before us. Nine ballots were in dispute. As to Exhibit A-5 the trial court held that the voter had failed to make a cross

in the square appearing before plaintiff's name as required by SDC 16.1203. Plaintiff contends that such holding was error. We are not convinced the trial court erred, but if error was committed it was counter balanced by the trial court's ruling on Exhibit A-9, which was similarly marked, and which if counted would have been a vote in favor of defendant. Cameron v. Babcock, 63 S. D. 554, 262 N. W. 80, 101 A. L. R. 650; Smiley v. Armstrong, 66 S. D. 31, 278 N. W. 21. Exhibit A-1, rejected by the court, does not fall in the same class as Exhibits A-9 and A-5. This ballot contained simply a straight line drawn down the ballot through the Democratic Party ticket. There was no attempt to confine the mark to the squares on the ticket, but it was simply a continuous straight line the entire length of the ballot. The ballot was a ballot subject to identification within the meaning of SDC 16.1209, and for this reason void. Smiley v. Armstrong, supra.

Appellant has shown no prejudice, and the judgment appealed from is affirmed.

All the Judges concur.