CAHALAN, Plaintiff, v. TERRY, Defendant

(Original Proceeding)

(45 N. W.2d 460)

(File No. 9212. Opinion filed December 26, 1950)

**Paul F. Burke,** Miller, **Max Royhl, Boyd M. Benson,** Huron, for Plaintiff.

**D. C. Walsh,** Miller, for Defendant.

RUDOLPH, J.    This is a recount proceeding brought under the provisions of SDC 16.18.    Certiorari to review the action of the recount board was accepted by this court under the provisions of SDC 16.1819, the recount concerning the election of a member of the Legislature.

The recount board declared the defendant, John C. Terry, elected to the office of state representative of District No. 23 by a majority of one vote.

■ The first question presented relates to placing the official stamp on the ballots.    Ballots 69 and 71 voted for the plaintiff were without such stamp.    SDC 16.1006 provides that the judge of election shall stamp each ballot as therein provided.    SDC 16.1703 provides:    "In the canvass of the vote any ballot which is not indorsed as provided in section 16.1006 by the official [ballot] stamp shall be void and shall not be counted."    Under this specific statutory provision the ballots 69 and 71 were void, and the recount board properly rejected them.    On ballots 168, 131, 136, 4, 5, 123 and 134 the official stamp failed to make a full impression but in each instance there is sufficient impression to disclose that the ballot was actually stamped, and that the stamp simply failed to make the full imprint.    We believe this to be a sufficient compliance with the statutory requirements.    The recount board counted these seven ballots and we believe correctly, so there is no change in the count resulting from the manner of use or lack of use of the official stamp.

■ ■ The next issue relates to erasures.    In the case of Smiley v. Armstrong, 66 S.D. 31, 278 N.W. 21, 22, this court held that a ballot disclosing an erasure is void, even though it does not appear that such erasure was an attempt to make a distinguishing mark.    The court said:

"Defendant contends that where an erasure does not show an attempt to make a distinguishing mark, and is so slight as not to be easily discernable, a ballot so marked is not void. But our decisions appear to have settled the rule otherwise, and such construction has long been acquiesced in. This court held that the provisions of section 1922, Pol. Code 1903, section 7272, Rev.Code 1919, which provided that if a voter spoiled a ballot he should return such ballot and obtain another, required a ballot to be rejected if there were erasures or obliterations made by the voter; that the voter was not permitted to correct the ballot himself, but must proceed in the manner provided by statute. Woodruff v. Heltibridle, 37 S.D. 35, 156 N.W. 579; Dunn v. Gamble, 47 S.D. 303, 198 N.W. 821; see, also, Briggs v. Ghrist, 28 S.D. 562, 134 N.W. 321. The Supreme Court of California in People v. Campbell, 138 Cal. 11, 70 P. 918, placed the same interpretation upon similar statutory provisions. The Legislature of that state subsequently amended the election law relating to marked and spoiled ballots to prevent the rejection of ballots unless it shall appear that a distinguishing mark was placed thereon intentionally by the voter. Turner v. Wilson, 171 Cal. 600, 154 P. 2; Sweetser v. Pacheco, 172 Cal. 137, 155 P. 639.

"It appears from an examination of the provisions of section 7272, Rev.Code 1919, that the provisions of section 1922, Pol. Code 1903, were re-enacted without change. There is a presumption of intention to adopt the construction as well as the language of the prior enactment. 25 R.C.L. 1075; R.C.L. Sup., Title Statutes, § 297. This court has held that a similar principle applies where a statute is patterned after the legislation of another state which has been judicially construed there prior to its enactment in this state. See Melby v. Anderson, 64 S.D. 249, 266 N.W. 135, and cases cited. Conceding that the prior construction may not be binding upon us, nevertheless, we should not depart from such construction in the absence of cogent reasons. We discover no such reasons, and, adhering to the prior construction of the statute, hold that the ballots in question were properly rejected by the trial court."

Since the decision in the Smiley-Armstrong case, Sec. 7272, Rev.Code 1919 has been re-enacted without change by SDC 16.1208. Under the rule specifically stated in the Smiley case there is a presumption that the Legislature in 1939 intended to adopt the construction placed upon the 1919 code provision when it re-enacted it without change in 1939. We adhere to the rule as stated in the Smiley-Armstrong case.

Applying this rule the recount board rejected ballots 1 and 13, and we believe correctly. However, the board counted for the plaintiff, Cahalan, ballots 10, 19, 59, 29 and 168. All of these ballots clearly show erasures and should have been rejected.

The board also counted for the defendant ballots 15, 20, 23, 24, 34, 42, 43, 48, 63, 32, 73 and 169. Each of these ballots show an erasure and should have been rejected. It appears therefore, that the board counted five ballots for the plaintiff and twelve for the defendant which should not have been counted because of erasures, or obliterating marks such as were held to vitiate the ballot in the Smiley-Armstrong case. The plaintiff has a gain of seven on this issue.

█ The next issue relates to ballots claimed to be identified. SDC 16.1209 provides in part: "No elector shall place any mark upon his ballot by which it may afterwards be identified as the one voted by him." In this connection see Vallier v. Brakke, 7 S.D. 343, 64 N.W. 180; Church v. Walker, 10 S.D. 450, 74 N.W. 198; Ward v. Fletcher, 36 S.D. 98, 153 N.W. 962; Woodruff v. Heltibridle, 37 S.D. 35, 156 N. W. 579; Dunn v. Gamble, 47 S.D. 303, 198 N.W. 821; Cordes v. Eastman, 69 S.D. 240, 9 N.W.2d 142; Smiley v. Armstrong, supra.

We have carefully examined the ballots cast for the the plaintiff and protested by the defendant as identified and have concluded that only ballots 39, 126 and 143 can be held to have identifying marks.

█ The other ballots in issue are ballots cast for defendant and protested by the plaintiff, but since plaintiff gained seven on the issue of erasures and lost only three on defendant's protest of identified ballots, plaintiff has a

net gain of four, and there is no necessity of considering his further protests. Since defendant was declared elected by only one vote plaintiff's gain of four is sufficient to establish his majority.

It will be the judgment of this court that Arthur B. Cahalan is the duly elected member of the House of Representatives from Representative District No. 23, and it is directed that certificate of election issue accordingly.

All the Judges concur.