LINGO, Plaintiff v. NOONAN, Defendant

(67 N. W.2d 779)

(File No. 9506. Opinion filed December 27, 1954)

Herbert A. Heidepriem, Miller, for Plaintiff.
Morrison & Skaug, Mobridge, for Defendant.

PER CURIAM.   This is a recount proceeding brought under the provisions of SDC 16.18.   Certiorari to review the action of the recount board was accepted by this court under the provisions of SDC 16.1819, the recount concerning the election of a member of the Legislature.

The recount declared the defendant J. C. Noonan, elected to the office of state representative of District 22 by a majority of eight votes.

Only one question presented falls without the range of our decisions relating to marking ballots. This question is presented by plaintiff's contention that a number of ballots cast for defendant have the official stamp near the bottom rather than at the top.

SDC 16.1006 provides:

"The judges of election shall designate two of their number who shall be known as ballot clerks, whose duty it shall be to deliver ballots to qualified electors.   Before delivering a ballot to any elector the judge acting as ballot clerk shall print on its back and near the top of the ballot, with the rubber or other stamp provided for the purpose, the designation 'Official Ballot' and other words on such stamp as provided by this title."

SDC 16.1703 provides:

"In the canvass of the vote any ballot which is not indorsed as provided in section 16.1006 by the official stamp shall be void and shall not be counted. * * *"

Under these provisions of our law we have held the absence of the official stamp invalidates the ballot. Cahalan v. Terry, 73 S.D. 531, 45 N.W.2d 460.   Plaintiff contends that if the provision of the statute requiring the stamp is mandatory, it follows that the provision requiring the stamp to be near the top of the ballot is also mandatory.   We can-

not agree. The provision requiring the stamp is to make the ballot official. It is our view that the provision relating to the place the stamp should appear on the ballot is for convenience in counting and directory only. We should not disfranchise voters because of this irregularity of the officials.

The court has reviewed all the disputed ballots. Nothing will be gained by a restatement of the principles settled by our decisions, or by a description of the ballots to which we have applied those principles.

After our review we are of the opinion that defendant Noonan still has a majority of the vote cast.

Our judgment will be that defendant, J. C. Noonan, is the duly elected state representative from the 22nd Legislative District.