## McMahon v. Polk.

1. It is not necessary to specifically recite in an order overruling a motion for a new trial, heard pursuant to stipulation, that the new trial is denied.

2. In a contest for office, an objection that no facts are presented for review is without merit where appellant's abstract contains an order, not found in the record, directing that certain ballots and poll books be certified to the supreme court, and it appears that the same are so certified pursuant to stipulation and the order of the trial judge making such ballots part of the findings of fact.

3. An appeal from the judgment alone brings up the findings of fact, and also the evidence upon which they are based, if such evidence is included in the findings.

4. In a contest for the office of state's attorney, under Comp. Laws, §§ 1489, 1491, the omission, in the certificate of nomination, of the words "learned in the law," required as a qualification for candidates by Const. Art. 5, §§ 24, 25, is obviated by an averment in the answer to the effect that at the time of the election plaintiff was, and still is the legally qualified and acting state's attorney, as every essential fact appearing in the pleadings, in the absence of a demurrer or motion to dismiss, defendant has no cause for complaint.

5. A person, though not in the army or navy, cannot, by long and continuous residence within the boundaries of a reservation, the jurisdiction whereof is ceded to the United States (Const. Art. 26, § 18), acquire the right to vote at a state election held in the county wherein such reservation is situated.

6. Two or more crosses at the head of party tickets upon the same ballot destroy the effect entirely, although one of the parties made no nominations for certain offices.

7. A blurred cross, apparently made with a rubber stamp, the outline of which is traced with a pencil, forming a perfect cross in the circle at the head of the party ticket is sufficient.

8. The fact that in retracing a perfect cross the voter allows his pencil to waver somewhat, and extend the mark beyond the circle, does not render the ballot invalid, in the absence of ereasures or other marks.

9. A cross to the left of a candidate's name, though rendered partially obscure by coming in contact with a printed line running across the ticket, is sufficient.

10. A stamped cross within the circle at the head of a party ticket is not nullified by the existence of another cross, made inadvertantly just outside of the circle.

11. A ballot marked with a cross at the head of the party ticket, and with a cross after the name of the candidate of the same party, though the name of the latter's opponent is stricken out, is valid, in the absence of evidence to show an illegal design in thus marking the ballot.

(Opinion filed Nov 19, 1897.)

Appeal from circuit court, Meade county. Hon. A. J. Plowman, Judge.

Statutory contest proceeding by Michael McMahon against Charles C. Polk to determine their respective rights to the office of state's attorney. Plaintiff had judgment and defendant appeals. Reversed.

The facts are stated in the opinion.

*Rice & Polley* and *C. C. Polk* (*Horner & Stewart*, of counsel), for appellant.

The notice of contest was fatally defective, in that it contained no allegation that plaintiff was learned in the law. §§ 24, 25, Art. 5, Const. It was error to reject the votes of Wells and Minard for the reason that they resided within the boundaries of a military reservation. Budd v. Holden, 28 Cal. 124; Darragh v. Bird, 3 Or. 240; Wood v. Fitzgerald, Id. 573; Payne on Elections, § 71. Where two tickets are marked with a cross in the circle at the top of each, and one of the tickets contains the name of a candidate for a particnlar office, and the other does not contain the name of a candidate for that office, the ballot should be counted for the candidate whose name ap-

pears. Parker v. Orr, 58 Ill. 609; 41 N. E. 1002. ''No ballot is vitiated by marks other than those required by statute made by the voter in an honest effort to express his choice or by a variance from the prescribed method of marking the ballot where the intention is apparent.'' State *ex rel.* Orr vs. Fawcett, 49 Pac. 396.

    *McLaughlin & McLaughlin* and *M. McMahon* (*Burke & Goodner*, of counsel), for respondent.

    Wells and Minard were not legal voters. § 18, Art. 26, and § 7, Art. 7, Const.; *In re* Town of Highlands, 22 N. Y. Supp. 137; Opinion of Judges, 1 Metc. (Mass.) 580; Sinks v. Reese, 19 Ohio St. 306; Com. v. Clary, 8 Mass. 72; McCrary on Elections (4th ed.), § 89. ''The law makes no provision for a cross at the head of more than one party ticket. The two crosses serve as a distinguishing mark and render the ballot void.'' Church v. Walker, 10 S. D. 90, 72 N. W. 103.

    Fuller, J. This statutory contest proceeding between opposing candidates for the office of state's attorney at the November, 1896, election, held in Meade county, resulted in a judgment awarding the office to plaintiff, and the defendant appeals therefrom, and from an order overruling a motion for a new trial.

    From appellant's abstract, and the record transmitted to this court, it affirmatively appears that judgment was entered on the 19th day of June, 1897, and that an order overruling the motion for a new trial was made and entered on the 20th day of July following. As the appeal was not taken until the 11th day of August, 1897, counsel's contention that the appeal was taken before the entry of judgment is not sustainable.

    A motion to set aside the findings of fact, conclusions of law, and judgment entered thereon, and to grant the defendant a new trial for reasons mentioned in said motion, came on for hearing pursuant to the following stipulation: ''It is hereby stipulated by and between the parties hereto that the motion

for a new trial in the above-entitled case may be heard and determined by the court on this 20th day of July, 1897, the statutory time for the service of notice being hereby waived." The motion was in all respects overruled, and counsel's contention that the court, in effect, failed to rule upon said motion by omitting to specifically recite in the order entered at the conclusion of the oral argument that a new trial was denied, is not entitled to favorable consideration.

Although appellant's abstract contains an order, not found in the record, directing the clerk of the circuit court below to certify to this court all disputed ballots, together with the poll books, of a certain precinct, it appears that the same were so certified pursuant to stipulation of the parties, and in accordance with an order and certificate of the trial court expressly making each of said ballots a part of the respective finding of fact to which the same relates; and the point urged by counsel that no facts are presented for review is without merit. Being a part of the judgment roll, an appeal from the judgment alone would properly bring to this court the findings of fact, which, in this instance, include the written evidence upon which such findings are based. Mortgage Co. Bradley, 4 S. D. 158, 55 N. W. 1108; Garr v. Spaulding, 2 N. D. 414, 51 N. W. 867. In the case of LeClaire v. Wells, 7 S. D. 426, 64 N. W. 519, we said: "Where, in an election contest case, the question is the legal effect of certain ballots then before the court, to be gathered from the ballots themselves without *aliunde* evidence, the question is one of law, and not of fact; and the decision of the trial court upon such question of law may be reviewed in this court without a motion for a new trial."

It appears from the notice of contest, as originally served that respondent's certificate of nomination was duly filed, and that he was at the time a resident elector of Meade county, over the age of twenty-five years, a citizen of the United States and a resident of this state more than one year next preceding his election; and the expression "learned in the law" is the

only omission therefrom essential to show by specific averment that he possessed all the qualifications required by Sections 24 and 25 of the fifth Article of the constitution by which he would be entitled to hold the office which he claims, and, as a candidate, institute this contest proceeding in his own name, under Sections 1489 and 1491 of the Compiled Laws of this state. Under the holding of this court in the recent case of Church v. Walker, 10 S. D. 90, 72 N. W. 101, the defect would not be jurisdictional, and the amendment supplying such averment, though made after the expiration of the time within which a contest might be instituted, would be clearly within the jurisdiction and discretion of the trial court. However, the doctrine announced in the majority opinion cannot, at this time, be treated as finally settled in this state, as the case is to receive further consideration upon a rehearing already granted. Any question that might arise from a failure to state in the notice of contest that respondent was learned in the law seems obviated by an equivalent averment found in appellant's answer, to the effect that at the time of the November, 1896, election respondent was, and still is, the legally qualified and acting state's attorney of Meade county, S. D. Assuming that the notice of contest failed to state facts sufficient to bring respondent's case within the constitutional and statutory requirements as to eligibility and the right to institute a contest proceeding in his own name to recover the office, every essential fact appears upon the face of the pleadings, and in the absence of a demurrer or motion to dismiss for the want of jurisdiction, appellant has no cause for complaint. The rule has right reasoning for a basis, and is well recognized, both at common law and under the code system, that the omission to state a fact, however essential, is cured when supplied by the pleading of the opposite party. 1 Chit. Pl. 671; Slack v. Lyon, 9 Pick, 62; Webb v. Davis, 37 Ark. 551; Warner v. Lockerby, 28 Minn. 28, 8 N. W. 879; Whittemore v. Ware, 101 Mass. 352; U. S. v. Morris, 10 Wheat. 246; Erwin v. Shaffer, 9 Ohio St. 44; Haggard v. Wallen, 6 Neb. 271.

Upon the face of the returns the board of county canvassers determined that of the 1,330 votes cast for state's attorney appellant had received 667 and respondent but 663, and the certificate of election was accordingly issued to appellant. At the hearing of this proceeding the trial court deducted as illegal and void 12 from the total vote canvassed for appellant, and for the same reason 2 votes were taken without objection, from the aggregate number counted by the board of canvassers in respondent's favor, thereby giving the latter a majority of all the legal votes cast for the office in controversy. The vote of R. W. Wells, cast at Sturgis precinct for appellant, was rejected by the court as illegal and void upon the ground that said Wells was a nonresident of the precinct, having his place of abode within the military reservation of Ft. Meade; and to this point our attention is directed by the first assignment of error. By the fifth subdivision of Section 18, Art. 26, of the Constitution, jurisdiction over the military reservation of Ft. Meade is surrendered to the United States without reservation other than the right to serve legal process in certain cases; and the question presented by the record is whether a person in no way connected with the army or navy may, by long and continuous residence within the boundaries of the reservation thus ceded, acquire the right to vote at an election held in the county where the same is situated, pursuant to the law of the state. In his Commentaries on the Constitution (Sec. 1227), Judge STORY, in treating the eighth section of the first article of the Constitution authorizing congress to exercise exclusive legislative power over military reservations obtained by the consent of the state in which the same are situated, says: "The inhabitants of those places cease to be inhabitants of the state, and can no longer exercise any civil or political rights under the laws of the state." The doctrine resting upon and sustained by an unruffled current of authority seems to be that all political powers and jurisdiction over a military reservation, not expressly retained by the state, are surrendered absolutely to the

general Government by a voluntary transfer of lands for the exclusive use of the army or navy; and consequently a person residing thereon acquires none of the constitutional qualifications of an elector. *In re* Town of Highlands (Sup.) 22 N. Y. Supp. 137; Opinion of Judges, 1 Metc. (Mass.) 580; Sinks v. Reese, 19 Ohio St. 306; Com.'v. Clary, 8 Mass 72; McCrary, Elect. (4th Ed.) § 89. As the foregoing applies with equal force to the case of Charles D. Minard, a soldier stationed at at Ft. Meade, the court very properly held his vote cast for appellant to be illegal and void. Residence upon the reservation from the date of his discharge to the time of re-enlistment did not make him a qualified elector, and the Constitution (Section 7, Art. 7) expressly provides that "no soldier, seaman or mariner in the army or navy of the United States shall be deemed a resident of this state in consequence of being stationed therein."

The only perceptible mark placed upon two of the disputed ballots,—Exhibits G and 11, rejected by the court, and which it is claimed should have been counted for appellant, is a cross upon each ballot in the circle at the head of the Republican ticket, and in each instance, upon the same ballot, another cross was placed in the circle at the head of the Prohibition ticket. The failure of the latter party to name and place upon its ticket a candidate for the office of state's attorney does not relieve appellant from the operation of the rule announced by this court in McKittrick v. Pardee, 8 S. D. 39, 65 N. W. 23; Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180. Under our system, two or more crosses at the head of party tickets upon the same ballot destroys the effect entirely, and the court rightly declined to count the ballots for either party.

Three of the rejected ballots contain in the circle at the head of the Republican ticket blurred crosses, apparently made with ink on a rubber stamp, the outline of which is traced or indicated with lead pencil marks forming a perfect cross within the circle, thus clearly showing, in the absence of any erasures,

the intention of the voter in each instance to vote the entire party ticket. Appellant was clearly entitled to have these ballots counted and placed to his credit. Parmley v. Healy, 7 S. D. 401, 64 N. W. 186. We said in Vallier v. Brakke, *supra.* "When the intention of the elector to make a cross is clearly apparent, and the cross is made, whether with stamp or otherwise, any informality merely in makiug it should be disregarded."

A ballot identified as "Exhibit b" contains two straight lines distinctly drawn with a lead pencil in opposite directions across the circle at the head of the Republican ticket, which intersect at the center thereof, and form a perfect cross. Evidently for the purpose of expressing his intention more clearly, the voter retraced the figure he had made, and in doing so allowed his pencil to waver somewhat and extend slightly beyond the printed line describing the circle. There being no erasures or other marks upon the ticket, it should have been counted as a vote for appellant, and the same was erroneously excluded.

Exhibit A1 is a rejected ballot upon which no cross was made in either of the circles at the head of the different tickets, but upon the republican ticket, at the left of appellant's name, a cross appears; and while the same, by coming in contact with a heavily printed line extending across the ticket immediately under appellant's name, is rendered partially obscure, the intention of the maker is entirely clear, and the vote should have been counted for appellant.

"As to Exhibit R, the court finds that there was a cross in green ink at the head of the republican ticket, and also pencil marks or crosses in said circle," and that the entire ballot is therefore void. From an inspection of the ballot, which the court expressly made a part of said finding of fact, and certified the same to this court for our examination, we are convinced that no pencil was used in the circle at the head of either ticket upon the ballot, and, the cross made with ink by the use of a stamp provided for that purpose being entirely sufficient, the vote should have been counted for appellant.

Exhibit H is a rejected ballot containing within the circle at the head of the Republican ticket a well-defined cross made with the official stamp, and another similar impression just outside the circle, which might have been made by allowing the stamp to fall from the hand, or by inadvertently placing the same upon the paper. In Vallier v. Brakke, *supra*, we held that "a cross at the head of the party ticket, but not within the circle, is a nullity," and it therefore follows that the cross within the circle, in the absence of anything to indicate a contrary intention, votes the ticket, and the same should have been counted for appellant.

Another ballot—Exhibit S—which the court declined to count for appellant, contains a cross in the circle at the head of the Republican ticket. The name of respondent is erased, and a cross is placed in the Republican column immediately to the right of appellant's name. When there is nothing to show a design to thus mark a ticket for the purpose of invading the secrecy of the ballot by placing an identifying mark thereon, a cross in the circle at the head of a ticket is a vote for every candidate whose name appears in the column, and a cross upon either side of a name is not ordinarily sufficient to impair the effect in the slightest degree. The vote should have been counted for appellant. Parmley v. Healy, 7 S. D. 401, 64 N. W. 186.

While the present system was designed to place our elections beyond polluting instrumentalities, and secure, as nearly as practicable, secrecy of the ballot, the legislature never intended to disfranchise a legal voter, who, in substantially complying with the mandatory requirements of law, has, without an evil purpose, but by accident or inadvertence, made a blot or mark upon his ballot, which in no manner tends to distinguish the same or divulge the secret within his breast. It was so held by the supreme court of Nevada in construing a statute more stringent by far than our own, in that it provides "that the voter shall place a cross after the name of the person he

intends to vote for; that such marking shall be done only with a black lead pencil; that when a voter marks more names than there are persons to be elected to an office, his vote for such office shall not be counted; and that any ballot on which appear names, words, or marks, written or printed, except as in this act provided, shall not be counted." Dennis v. Caughlin, (Nev.) 41 Pac. 768. We therefore find that of the disputed ballots Exhibits G and 11, together with the votes of R. W. Wells and Charles D. Minard, counted for appellant by the board of county canvassers, were wholly void, and therefore properly deducted by the court from the total vote of 667 returned in his favor, and that Exhibits b, H, R, t, q, x, A1 and S, also counted for appellant by said board, and excluded by the court, were legal votes for appellant, which, added to his total vote of 655, as found by the court, give him a majority of 2 over respondent, whom the court found to be entitled to 661 votes.

We have carefully noticed certain incidental matters of which counsel for the respective parties complain, all of which are without merit, and are points that have frequently engaged the attention of this court. The view we have. taken renders any further consideration of the assignments of error unnecessary. A new trial could be of no avail to respondent. From all the material evidence, which consists of the ballots expressly made a part of the court's findings of fact, appellant is, as a matter of law, entitled to the office. The judgment appealed from is therefore reversed, and the case remanded, with the instruction that the circuit court render judgment accordingly.

HANEY J. (concurring specially). In my judgment, the original notice of contest was sufficient to give the court jurisdiction, and there was no error in allowing it to be amended; therefore it is unnecessary to hold that any essential facts were supplied by the answer. I concur in the· conclusion that the judgment should be reversed upon the ground that the findings

of fact do not overcome defendant's *prima facie* title to the office as established by the board of county canvassers and his certificate of election.