HIGGINS, Appellant, v. GRAY, Respondent.

(223 N. W. 711.)

(File No. 6834. Opinion filed February 21, 1929.)

*Ernest A. Crockett,* of Yankton, for Appellant.

*F. M. Scoblic,* of Tyndall, for respondent.

MORIARTY, C. This is an appeal from a judgment entered in an election contest. At the annual city election held in the city of Springfield, S. D., on April 30, 1928, the parties to this appeal were the only candidates for the office of mayor of that city for the ensuing two years.

After the election the city canvassing board issued its certificate of election to L. A. Gray. This certificate was based upon a return to the effect that Gray had received 143 votes and Higgins had received 141 votes for the office of mayor. Higgins initiated contest proceedings, and a recount was had in circuit court. As a result of this recount, the circuit court decided that each of the parties had received 138 valid and legal votes, and entered judgment decreeing that neither of the parties had been elected to the office of mayor, and that neither party was entitled to tax costs in the proceeding. From said judgment the contestant, Higgins, appeals.

No question of fact is raised by this appeal. It is conceded that the judgment is valid, unless the trial court erred in counting for Gray one or more of two of the contested ballots. Of these two ballots one was marked by the voter with pen and ink, instead of with a pencil, and the other was marked partly with an indelible pencil, appearing to have been moistened, and partly with a common lead pencil.

It is conceded that the invalidation of either of these ballots will justify the reversal of the trial court's judgment and will give the contestant a majority of one vote. Chapter 160 of the Session Laws of 1925 provides for the form of ballots to be used at general elections in this state, and for the method of voting at such elections. Subdivision 4 of said section contains the following provision: "The voter shall use a pencil to mark his ballot and no pen, stamp or other instrument than a pencil shall be used for said purpose."

■ This provision must be held to apply to municipal elections, as section 6326, Revised Code of 1919, provides that, "except as otherwise specially provided, all municipal elections shall be conducted, canvassed and contested as elections under the general laws of this state," and we do not find that the instrument with which ballots shall be marked at municipal elections is specially provided for. Therefore the only question to be considered in connection with the pen-marked ballot is whether the provision above quoted from chapter 160, Session Laws of 1925, shall be held to be mandatory or merely directory.

■ It is a well-recognized rule of statutory construction that, where an affirmative direction is followed by a negative or limiting provision, the negative or limiting clause renders the statute mandatory. State ex rel Shaw v. Thompson, 21 N. D. 426, 131 N. W. 231; In re McQuiston's Adoption, 238 Pa. 304, 86 A. 205; Rice, Atty. Gen., v. Town Council of Town of Westerly, 35 R. I. 117, 85 A. 553; 36 Cyc. p. 1159.

■ The provision that "no pen, stamp or other instrument * * * shall be used for said purpose," brings this statute within the above-cited rule. This court has repeatedly held that irregularities on the part of election officers will not be allowed to defeat the rights of electors, unless it appears that such irregularities vitiate or render doubtful the results of the election. But the requirements as to the acts of the voters have been much more strictly construed, both by this court and by courts generally.

While section 7265, Revised Code of 1919, provides that election officers, in counting the votes, shall endeavor to record the intention of the voter, this court has repeatedly held that the intention referred to in this section is the intention to mark the ballot as required by law. McKittrick v. Pardee, 8 S. D. 39, 65 N. W.

23; Treat v. Morris, 25 S. D. 615, 127 N. W. 554; Ward v. Fletcher, 36 S. D. 98, 153 N. W. 962; Dunn v. Gamble, 47 S. D. 303, 198 N. W. 821.

Section 720 of McCrary on Elections states as follows the reason for holding mandatory provisions such as that under consideration. "The provisions of the law defining the manner in which the voter shall mark his ballot are generally held to be mandatory. To permit the ballot to be marked in a different manner from that prescribed would be to enable the voter to place a distinguishing mark upon his ballot, thereby depriving it of secrecy and frustrating the chief object sought to be obtained by the system."

"Decisions holding otherwise are generally supported by statutes containing peculiar or indefinite provisions." This language is practically the same as that used by this court in Vallier v. Brakke, 7 S. D. 343, 64 N. W. 180.

The force of this reasoning and its application to the question under discussion is well shown by the fact that, of the 284 persons who cast ballots at the election involved in the instant appeal, it appears that only one voter marked his ballot with pen and ink. Such marking certainly constitutes a distinguishing mark, and is contrary to the clear mandate of the statute.

The judgment appealed from is reversed, and, as there is no question of fact involved, and the findings of the trial court will support no judgment except one sustaining appellant's contention, the circuit court is directed to enter judgment in favor of the appellant, including his taxable costs.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.

BROWN, J., absent and not sitting.