RUEB, Plaintiff, v. LEHMANN, Defendant

(45 N. W.2d 463)

(File No. 9216. Opinion filed December 29, 1950)

**Louis B. French,** Yankton, for Plaintiff.
**Ray E. Post,** Tyndall, for Defendant.

PER CURIAM. A writ of certiorari was issued as authorized by SDC 16.1818 to review the proceedings of the recount boards of Charles Mix and Bon Homme Counties, respectively, upon the recount of the votes cast in November 7, 1950 general election, for the above named Rayburn Rueb and J. E. Lehmann for the office of state senator from District No. 3 of South Dakota.

The official canvass recorded 4571 votes for plaintiff Rayburn Rueb, and 4541 votes for defendant J. E. Lehmann. Recount proceedings were had under SDC 16.18 and resulted in a determination that plaintiff Rayburn Rueb had received 4476 votes and defendant J. E. Lehmann had received 4511 votes, or a majority of 35 votes.

As a result of a conference had between court and counsel, and separately by counsel, the disputed ballots are separated into two major divisions.

■ ■ The first group consists of 171 ballots which counsel have agreed were marked by the voters with purple indelible pencils. Of these ballots, 100 were marked and on the recount were counted for defendant J. E. Lehmann and 71 were marked and on the recount were counted for plaintiff Rayburn Rueb. The statute SDC 16.1105(4) provides: "The voter shall use a black pencil to mark his ballot and no pen, stamp, or other instrument than such a pencil shall be used for said purpose." In contending that this provision is mandatory and the 100 ballots should not have been counted for Mr. Lehmann, plaintiff quotes the following from Higgins v. Gray, 54 S.D. 488, 223 N.W. 711, 712, viz., "It is a well-recognized rule of statutory construction that, where an affirmative direction is followed by a negative or limiting provision, the negative or limiting clause renders the statute mandatory." Without deciding the point thus made, we assume its validity for the purpose of this decision. Such an assumption withdraws 100 votes from Mr. Lehmann and 71 votes from Mr. Rueb, making a net gain of 29 votes for Mr. Rueb and reducing the above mentioned majority of Mr. Lehmann on the recount to a majority of six votes.

The remaining group of 40 ballots includes ballots marked and counted on the recount for Mr. Reub, and ballots marked for Mr. Rueb which were not counted for him on the recount as well as ballots marked and counted for Mr. Lehmann on the recount, and ballots marked for Mr. Lehmann which were not counted for him on the recount. While the problems presented by these disputed ballots cover the entire range of our decisions dealing with the propriety of the method adopted in indicating a voter's choice, no new problems were involved. With our decisions, and the above mentioned assumption that a ballot marked by a purple pencil is a nullity in mind, we have viewed each of these disputed ballots and have reached a unanimous decision. In our opinion nothing will be gained by a restatement of the principles settled by our decisions, or by a description of the ballots to which we have applied those

principles. The result of our review awards a net gain to Mr. Rueb of two votes, thus leaving Mr. J. E. Lehmann with a majority of four votes. Under the above described assumption we find that Mr. Lehmann received 4408 votes and Mr. Rueb received 4404 votes.

Our judgment will be that defendant J. E. Lehmann is the duly elected senator from District No. 3 of South Dakota.