## WARNE, Plaintiff v. NOONAN, Defendant

### (80 N.W.2d 74)

(File No. 9644. Opinion filed December 28, 1956)

Clair B. Ledbetter, Pierre, for Plaintiff.

M. A. Brown and John F. Lindley, Chamberlan, for Defendant.

PER CURIAM.

This is an original proceeding brought by the plaintiff Warne to review the action of two county recount boards which had certified the defendant Noonan as elected to the office of State Representative.

Representative district No. 22 consists of the counties of Sully and Hyde and is entitled to one representative. At the general election on November 6, 1956 plaintiff and defendant were candidates for that office. The official canvass of the vote in those counties gave plaintiff a majority of twelve. Pursuant to SDC 16.18 the vote in each county was recounted. The certificates filed by these boards gave defendant a majority of six. As provided in SDC Supp. 16.1818 we issued a writ of certiorari to review both counts.

The parties stipulated as to the ballots which they wanted determined by this Court. These may be summarized as follows:

**Sully County**

A. Three ballots marked for plaintiff and not counted.
B. Four ballots marked for defendant and not counted.
C. Sixteen ballots marked for defendant and counted.
D. Fifteen ballots marked for plaintiff and counted.

**Hyde County**

A. Twenty-three ballots marked for plaintiff and not counted.
B. Fifteen ballots marked for defendant and not counted.
C. Twelve ballots marked for defendant and counted.
D. Six ballots marked for plaintiff and counted.

We have carefully reviewed all the ballots in dispute. The questions presented fall within principles that are well settled by the decisions of this Court. No useful purpose would be served by reiterating these principles or attempting to describe the ballots to which they are applied.

Concerning the results in Sully County it is our opinion that all ballots in division A should be counted for plaintiff and all those in division B for the defendant, except exhibit 13-A-5. It is our view that the ballots in division C and D were correctly counted by the recount board. Since our review of the ballots in these four divisions gives to each candidate three more votes than were credited to him by the recount board there is no net gain or loss by either candidate.

In examining the Hyde County ballots exhibit WX-63 was offset against exhibit NX-40; WL-8 against WZ-105; and NW-20 against WW-35. These present identical issues as to validity and were marked for the opposing candidates. By this process the disputed ballots in division A were reduced to twenty; in division B to thirteen; and in division C to eleven.

It is our opinion that of the twenty ballots remaining in division A all of them should be counted for plaintiff, except exhibit WO-14. Since none of the ballots in this division were counted by the recount board our action results in a gain of nineteen for the plaintiff. Of the thirteen ballots remaining in division B it is our opinion that all of them should be counted for the defendant except exhibits NZ-69 and NZ-68. Since none of these were counted for defendant by the recount board this action results in a gain of eleven for the defendant. Our count of the ballots in these two divisions gives to the plaintiff a net gain of eight votes.

 It is apparent that most of the ballots in these two divisions were not counted by the board because of the manner in which the crosses (X) were made. The rule in this regard should be liberal so as not to disenfranchise a voter because his hand was unsteady or his vision impaired. Also it should be borne in mind that the light provided in many voting booths leaves much to be desired and that the surface on which the ballot is marked is not always smooth or solid. The legislative requirement as to the manner in which a ballot must be marked should be applied in the light of reality. That a voter displays a restrained enthusiasm in marking his ballot—after the manner of John Hancock—should not render his effort in vain.

Division C contains twelve ballots marked for defendant which the recount board counted for him. In our review we have eliminated one as an offset and one ballot, WZ-90, in our opinion should not have been counted. This results in a loss of two votes for the defendant. Division D contains six ballots marked for plaintiff which the recount board counted for him. We think that board was correct in this action except as to exhibit NR-19. This results in a loss of one vote for the plaintiff. Since defendant has a loss of

two votes in these divisions and plaintiff a loss of only one our review results in a net gain of one for the plaintiff.

As above stated the certificates of the recount boards gave the defendant a majority of six. Since our determination. gives the plaintiff a total net gain of nine, he has a majority of three votes. It is our judgment that L. D. Warne is the duly elected representative for representative district No. 22, and it is directed that certificate of election issue accordingly.

SMITH, J., not sitting.