RE EMPLOYMENT OF A CITY MANAGER BY THE CITY OF SIOUX FALLS

(92 N.W.2d 383)

(File No. 9749. Opinion filed October 17, 1958)

Rehearing denied November 12, 1958.

**Woods, Fuller, Shultz & Smith,** by **M. T. Woods, Dana, Golden, Moore & Rasmussen,** by **Raymond E. Dana,** Sioux Falls, for Petitioner.

**Louis H. Smith, Gene Pruitt, James Feyder, Acie W. Matthews, Blaine Simons,** Sioux Falls, for Intervenor.

SMITH, J. The matter of the employment of a city manager was submitted to the electors of Sioux Falls. After the vote had been canvassed and the result certified a recount was had as authorized by SDC 16.18, and ultimately the recount proceedings were reviewed by the Circuit Court of Minnehaha County pursuant to its writ of certiorari. The court found that, of the valid ballots cast at the election, 5,672 favored the employment of a city manager and 5,673 opposed such employment, and by its judgment declared the proposition of such employment had lost. An appeal from the judgment of the circuit court to this court was taken pursuant to SDC 16.1829.

Our statutes dealing with General Elections, which are applicable to municipal elections (SDC 45.1320, as amended by Ch. 256, Laws 1953; Higgins v. Gray, 54 S.D. 488, 223 N.W. 711), provide: "The judges, in counting the votes, shall endeavor to record the intention of the voter." SDC 16.1205 and "No elector shall place any mark upon his ballot by which it may afterwards be identified as the one voted by him." SDC 16.1209. After quoting from and emphasizing our holdings that the voter's intention, as

comprehended by the foregoing provision of statute, is an intention to mark his ballot according to law and is not an intention to vote for a particular person or question, this court in the early case of Ward v. Fletcher, 36 S.D. 98, 103, 153 N.W. 962, 964, declared,

> "Courts and election judges should strive to determine and carry out the intent of the elector when satisfied that the elector has endeavored to express such intent in the manner prescribed by law or by directions found upon the ballot, and for that purpose, should presume every marking found where the X should be to be a marking intended as a X unless the contrary is clear. Upon the other hand, no mark, whether it be a X or not, which has been made upon a ballot at an unauthorized place, can properly be referred to to assist in determining the intent of the voter; and, where it appears that a mark was intentionally made by the voter at an unauthorized place, it should be held to be an identifying mark. It is not the province of the courts or the election judges to determine whether the elector actually intended such a mark to be an identification mark. A strict adherence to these rules will tend to insure the purity of our elections."

In review of the recount proceedings the circuit court interpreted eighty-one disputed ballots. Its views are recorded in fourteen so-called findings. In ruling on all of the ballots listed in findings numbered one, four, eight, nine, ten and fourteen the court was required to apply the guiding principles we have quoted from Ward v. Fletcher, supra. To deal separately with these many ballots would serve no useful purpose. Owing to their nature, we reserve a group of such ballots for separate mention, but give general consideration to the remainder, because they are only typical products of the efforts of those who differ from the average individual in age, disposition, intelligence, skill, or vision. Among them are ballots bearing statutory marks which boldly extend considerably beyond the circle, and others which are traced and retraced. Cf.

Warne v. Noonan, 76 S.D. 426, 80 N.W.2d 74 and McMahon v. Polk, 10 S.D.296, 73 N.W. 77, 47 A.L.R. 830. There are a number of ballots which, because of clumsiness and mere inadvertence, bear marks within the circle in addition to the statutory marks. Cf. Smiley v. Armstrong, 66 S.D. 31, 278 N.W. 21; Vallier v. Brakke, 7 S.D. 343, 64 N.W. 180. Smudges or finger marks appear made by inadvertence by soiled hands. Cf. McMahon v. Polk, supra, and Naramore v. Sprague, 48 S.D. 146, 202 N.W. 905. In other exhibits, what is clearly a cross or check takes on a peculiar design because of flourishes. A careful examination of the ballots ruled adversely to appellants convinces us that the court concluded the respective electors had endeavored to express their intention in the manner provided by law, and that any additional marks or smudges appearing were made by inadvertence. Hence, under the principles quoted supra, the ballots were counted. In our opinion the circuit court did not err in so concluding.

■■ The ballots we reserved for separate consideration are marked with both a cross and a check within the circle. Marking by "a cross (X) or check mark ($\sqrt{}$)" was authorized by sections 2 and 3, Ch. 84, Laws 1957. The argument is that those who have placed a cross **and** a check within the circle have not endeavored to indicate their vote in an authorized manner. Our decisions have expressed a different view. Formerly the authorized method of marking a ballot was by "a cross 'X' ". SDC 16.1203. Nevertheless, this court has held that ballots marked by two crosses within the circle should be counted. Cf. Ward v. Fletcher, supra. Under our holdings a voter may mark his ballot by two crosses or two check marks. If we were now to hold markings by a cross and a check unauthorized, to be consistent, we would be compelled to overrule long standing decisions. In view of the legislative injunction to record the intention of the voter, we are not persuaded that those decisions are unsound. The court did not err in counting these ballots. Exhibit 110 which contains a cross and a check is ruled by this holding. In connection with these ballots, we deal with Exhibits 53 and 21 interpreted respectively in findings twelve and thirteen. Exhibit 21 contains two bold crosses extending beyond the circle. Ex-

hibit 53 is marked by both a cross and a check, but outside the circle. It is our opinion that both of these marks touch the circle. Cf. Naramore v. Spargue, supra, and Treat v. Morris, 25 S.D. 615, 127 N.W. 554. The circuit court erred in failing to count these ballots. As both were against the proposition, the opposition thereto gains two votes by this holding.

 Our attention is directed to a group of ballots said to bear erasures. It is settled that a voter may not correct his ballot by erasure or obliteration. By so doing he spoils his ballot and must proceed as authorized by SDC 16.1208. Such a spoiled ballot cannot be counted. Smiley v. Armstrong, 66 S.D. 31, 278 N.W. 21. These disputed ballots have been examined with care. None of them counted by the court, in our opinion, evidence an attempt to correct a ballot by either erasure or obliteration. If Exhibit 23 does in fact evidence an erasure, it is counterbalanced by Exhibit 101. We sustain the ruling of the circuit court as to these ballots.

We do not understand the parties to seriously question the ruling of the circuit court as to exhibits listed in findings five, six, and eleven. Therefore, we are content to affirm those interpretations without discussion.

In as much as the conclusions we have reached from an examination of these disputed ballots add to the votes cast against the employment of a city manager, it follows that the appellants have not been prejudiced by the judgment of the circuit court. Therefore, that judgment is affirmed.

RENTTO, P. J., and ROBERTS and BOGUE, JJ., concur.

HANSON, J. (dissents in part).

We are being called upon for the first time to apply Ch. 84, Laws 1957. That law requires the marking of ballots "by pencil or pen and by the use of either a cross (X) or check mark($\sqrt{}$) in the square or circle to the left of the name of the person to be voted for, or the proposition to be voted upon". The law is plain, certain, and unambiguous. In my opinion there is no room

for judicial construction. It needs none. A ballot may now be marked by a black or colored pen or pencil. The voter may indicate his choice by either a cross or a check mark. He cannot use both.

To allow both a cross and a check mark under the present law simply adds confusion to the already difficult task of counting ballots. If one cross and one check mark is valid—what about two crosses and one check mark? What about two check marks and one cross? What about a ballot marked with a green ink cross and a red penciled check mark? These are but a few of the confusing possibilities which are bound to arise in the future under the rule approved in the majority opinion.

As there has been a material and substantial change in our law the case of Ward v. Fletcher, 36 S.D. 98, 153 N.W. 962, on this point is no longer controlling.

To this extent, I am unable to concur in the majority opinion.