JEWETT, Plaintiff v. MILLER, Defendant

(106 N.W.2d 611)

(File No. 9923. Opinion filed December 22, 1960)

**Donald J. Coleman,** Dupree, **Clair B. Ledbetter, Pierre,** for Plaintiff.

**Andrew Aberle,** Timber Lake, **Warren Price,** Lemmon, for Defendant.

SMITH, J. As authorized by SDC 16.1818 and 16.1819-1 (1) we have reviewed the proceedings of the Dewey and Ziebach county recount boards dealing with the election of a member of the House of Representatives of the 51st District of South Dakota. The certified results of such county recount boards recorded a total of 1,615 votes for James W. Miller, defendant above named, and 1,614 votes for Wallace Jewett, plaintiff above named. As contemplated by SDC 16.1824 counsel have reduced our labors by eliminating disputed ballots from our consideration. By written stipulation they have reduced the disputed ballots to thirty-two in number and have also agreed that an additional disputed ballot identified as W J 19, which the county board counted for defendant Miller was incorrectly counted because it is not stamped with the official stamp. See Cahalan v. Terry, 73 S.D. 531, 45 N.W.2d 460.

The first group of ballots to be considered are those which counsel assert bear erasures or obliterations. A voter may not correct his ballot by erasure or obliteration. By so doing he spoils his ballot and must proceed as provided by SDC 16.1208. Such a spoiled ballot cannot be counted. Smiley v. Armstrong, 66 S.D. 31, 278 N.W.21; Cahalan v. Terry, 73 S.D. 531, 45 N.W.2d 460, and In re Employment of City Manager, 77 S.D. 390, 92 N.W.2d 383.

In this group there are ten ballots which were counted by the recount board for plaintiff Jewett. Three of these ballots, viz., J M 36, J M 26, J M 10, we hold to have been correctly counted. The first two evidence only an inadvertent smudge, and the other does not bear an erasure. The remaining seven ballots bear erasures or obliterations and were incorrectly counted.

In this group were seven ballots counted for defendant Miller, viz., W J 6, W J 5, W J 1-Z, W J 8, W J 23, W J 2-Z, and W J 25. All of these ballots bear erasures or obliterations, and hence were incorrectly counted.

Neither party suffers a net loss from our consideration of the foregoing category of ballots.

■ We now consider a group of ballots which invoke the rule pronounced in Ward v. Fletcher, 36 S.D. 98, 103, 153 N.W. 962, 964, and adhered to through the subsequent course of our decisions as follows:

> "Courts and election judges should strive to determine and carry out the intent of the elector when satisfied that the elector has endeavored to express such intent in the manner prescribed by law or by directions found upon the ballot, and for that purpose, should presume every marking found where the X should be to be a marking intended as a X unless the contrary is clear."

And see Warne v. Noonan, 76 S.D. 426, 80 N.W.2d 74.

■ Included in this grouping are five ballots counted for plaintiff Jewett, viz., J M 14 and J M 47, bearing in an authorized space unskilled attempts to reproduce the peculiar printed check mark exemplified in the "Instructions to voters" at the head of the ballot, and J M 22, J M 27, and J M 37, which were properly marked but by very apparent inadvertence, due to the surface under the ballot, the pencil punched through the paper. We hold these ballots to have been correctly counted.

Neither party has suffered loss through our review of these ballots.

■ ■ The next group of ballots bears marks, intentionally made, at an unauthorized place. The controlling rule was expressed in Ward v. Fletcher, 36 S.D. 98, at page 103, 153 N.W. 962, at page 964, in these words:

> "Upon the other hand, no mark, whether it be a X or not, which has been made upon a ballot at an

> unauthorized place, can properly be referred to to assist in determining the intent of the voter; and, where it appears that a mark was intentionally made by the voter at an unauthorized place, it should be held to be an identifying mark. It is not the province of the courts or the election judges to determine whether the elector actually intended such a mark to be an identification mark."

Three ballots in this group were counted by the recount boards for plaintiff Jewett, viz., J M 20-Z, J M 5, and J M 6. One ballot of this character, viz., W J 2, was counted for defendant Miller. All of these were incorrectly counted.

The plaintiff Jewett has suffered a net loss of two votes through this holding.

This brings us to some ballots we have elected to give individual consideration.

 J M 1 is a ballot wherein the voter expressed a preference respectively for a number of candidates in each column including the plaintiff. However, in addition he drew a diagonal line across the circle at the head of the Republican column. Although this mark was intentionally placed there, it seems plain to us from a consideration of the entire ballot that it is there by inadvertence in the voter's attempt to express his preference, and is not an identifying mark. See Cameron v. Babcock, 63 S.D. 554, at page 557, 262 N.W. 80, at page 82, 101 A.L.R. 650. This ballot was counted correctly for plaintiff Jewett.

 The voter who used ballot W J 11 expressed his preference for all of the Republican candidates by placing a proper X in each square. This column named no candidate for state's attorney. It appears that failing to note that fact until after he placed his X in that square, the voter thereafter drew an irregular design and line through the X and out into the space provided for a candidate's name. We have ruled this to constitute an obliteration, and hold the ballot was improperly counted for defendant Miller.

■ Ballot J M 42, which bears an X at the head of a column made with a pencil, carries a numeral on its reverse side made with pen. It seems apparent that the numeral was placed there by a clerk or a judge as they were counting ballots. We hold the ballot was properly counted for plaintiff Jewett.

■Ballot J M 46 bears a heavy much retraced diagonal line through the circle at the head of one column and like lines in the square opposite the names of two candidates in the other column. As the voter made no attempt to express his preference in the manner provided by law, we hold the recount board did not err in failing to count this ballot.

Our review of these above listed individual ballots results in a net loss to plaintiff of one vote.

Ballots W J 13-Z and J M 15-Z cancel each other and need not be treated.

Summarizing, it follows plaintiff, having suffered a net loss of two votes in our consideration of intentionally identified ballots, and defendant having suffered a net loss of one vote in our consideration of individual ballots, that by our review defendant has gained one vote. Therefore, our judgment will record that defendant Miller is the elected member of the House of Representatives from the 51st District of South Dakota.

All the Judges concur.