MILLETT, Plaintiff v. LYON, Defendant

(144 N.W.2d 396)

(File No. 10365. Opinion filed August 2, 1966)

**Clair B. Ledbetter,** Pierre, **Donn Bennett,** Buffalo, **Louis K. Freiberg** of **Whiting, Lynn, Freiberg & Shultz,** Rapid City, for plaintiff.

**Robert P. Kelley,** of **Johnson & Kelley,** Lemmon, for defendant.

HANSON, Judge.

In the Primary Election held on June 7, 1966 plaintiff, Harold Millett, and defendant, N. F. (Red) Lyon, were seeking nomination as Republican candidate for the office of State Representative from the First Representative District. This is a joint legislative district consisting of Harding and Perkins counties. According to the official canvass of the election defendant Lyon was nominated by a majority of 18 votes having received a total of 824 votes to Millett's total of 806. On Millett's application the votes

were recounted pursuant to SDC Ch. 16.18. The official recount did not change the result of the election. It merely reduced Lyon's majority from 18 to 12.

The Perkins County Recount Board filed its certificate of Recount with the Secretary of State on July 8, 1966. The Harding County Certificate of Recount was not filed until July 11, 1966. On July 14, plaintiff filed a Petition for Writ of Certiorari in this court and a writ was issued the same day.

■ ■ Defendant Lyon has challenged the jurisdiction of this court to issue such writ by motion to dismiss. He contends the petition was not timely filed and the statute of limitations contained in SDC 1960 Supp. 16.1818 voids the writ. The section provides:

"Whenever any candidate is aggrieved by the final determination made as a result of any recount, he may have the proceedings of such recount board reviewed upon certiorari as provided by this chapter * * * The petition for the writ must be filed within five days after the filing of the recount certificate with the Secretary of State or county auditor."

Defendant's contention would require separate petitions and successive writs of certiorari by this court to review a recount in every multiple county electoral district. This is contrary to the clear intendment of the governing statutes. The Secretary of State cannot reconvene the State Board of Canvassers until "all certificates involved in the recount as to any office, nomination, position, or question have been received", SDC 16.1814, and until all of the county recount certificates have been filed with the Secretary of State there can be no candidate "aggrieved by the final determination made as a result of any recount" within the contemplation of SDC 1960 Supp. 16.1818. Furthermore, whenever an aggrieved candidate files a petition for certiorari with this court involving a nomination or election to any public office enumerated in SDC 16.1819(1) a writ shall issue if the court concludes the facts alleged in the petition justify the same. According to SDC 16.1821 the writ "shall be addressed to each

county recount board, and to each other authority which the plaintiff claims to have exceeded its jurisdiction, including mis-application of the law in determination of questions concerning disputed ballots, and shall command each such board or auth-ority at or before a time specified to certify to the court all its records and proceedings with reference to such matter" and "only one writ need be issued, and shall be sufficient irrespec-tive of the number of officials, boards, or tribunals from which certification of records or proceedings may be required". We conclude that plaintiff's petition for writ of certiorari was timely filed with respect to the joint legislative district as the same was filed in this court within five days after the **Harding** County Cer-tificate of Recount was filed with the Secretary of State. De-fendant's motion to dismiss the writ is, therefore, denied.

By stipulation all rulings on disputed ballots made by both Recount Boards have been accepted and acquiesced in by both parties except a group of ballots cast in the "Easter, Grand Cen-tral and Whitney" combined precinct in Perkins County. The disputed ballots designated as HM21 to HM51 inclusive and RL16 to RL25 inclusive comprise all but one of the Republican ballots cast in that precinct. Ballots HM21 to HM51 inclusive were all cast in favor of defendant Lyon and were counted by both the election officials and the Recount Board. Ballot RL16 was cast for the plaintiff Millett and counted by the election of-ficials. It was not counted by the Recount Board as it contained the signature of "N. L. Hansen" on its reverse side. Ballots marked RL17 to RL25 inclusive were all cast for plaintiff Millett and were counted by both the election officals and by the Re-count Board.

With the exception of RL16 all of the disputed ballots contain a similar mark below the official seal. The mark ap-pears to be the initials "NLH" neatly written in ink or with a ballpoint pen. Because of a misguided or misinformed sense of duty one of the election officials apparently placed his initials on each ballot. Perhaps he was aware of such requirement in North Dakota which adjoins Perkins County. See North Dakota Cen-tury Code 16-12-04. However, in South Dakota such initials con-stitute unauthorized marks intentionally made on the ballots by

someone other than the voters. The question is whether or not these are invalidating marks.

Among regulations governing the conduct of General Elections, SDC 16.1209 provides in part: "No elector shall place any mark upon his ballot by which it may afterwards be identified as the one voted by him". An identifying or invalidating mark thereunder was construed in Ward v. Fletcher, 36 S.D. 98, 153 N.W. 962 to be a mark intentionally made by the voter at an unauthorized place on the ballot. See also Naramore v. Sprague, 48 S.D. 146, 202 N.W. 905; Smiley v. Armstrong, 66 S.D. 31, 278 N.W. 21; Cordes v. Eastman, 69 S.D. 240, 9 N.W.2d 142; In Re Employment of a City Manager, 77 S.D. 390, 92 N.W.2d 383, and Jewett v. Miller, 78 S.D. 632, 106 N.W.2d 611. In the Jewett case this court refused to extend the Ward v. Fletcher rule to a numeral appearing on the reverse side of the ballot as it seemed "apparent that the numeral was placed there by a clerk or a judge as they were counting ballots".

 Counsel for plaintiff concedes the disputed ballots involved would not be invalidated under the above General Election rule as the unauthorized marks or initials were not made by electors. He contends, however, SDC 1960 Supp. 16.0224, as amended by Ch. 94, Laws of 1961, governing Primary Elections, prescribes a different rule which prohibts the counting of any ballot containing a significant or unusual mark made by anyone. The cited statute provides in pertinent part:

> **"Marking of ballots: requirements; spoiled ballots, exchanged for new ballot; disposition of unused, spoiled and rejected ballots.** The voter shall mark his ballot with a pencil or pen, which shall be furnished in the booth, by placing a cross (X) or check mark (√) in the square or circle directly at the left of the name of every candidate or group of presidential electors for whom he desires to vote, or by placing a cross (X) or check mark (√) at the top of the column when voting for delegates and alternates to the national convention, and no ballot shall be counted which has been marked in such an unusual way or place that it might be identified. * * * Bal-

lots not legally marked shall not be counted by the judges when canvassing the votes, but shall be marked 'rejected.' \* \* \* Any voter having spoiled a ballot while marking it, may, upon surrendering it to the judge of election receive a second ballot, and the spoiled ballot shall be marked 'spoiled' and returned to the county auditor."

We are unable to construe this statute as plaintiff contends. Its entire text is confined to the method and manner of marking a ballot by a voter. Obviously, the legislature intended to prohibit the counting of any ballot cast in a Primary Election which has been marked by the voter in such an unusual way or place that it might be identified. This is consistent with the rule governing other elections in this state. It is also in accord with the broad general principle that the "courts are less ready to reject ballots because of distinguishing marks placed on them by election officers than they are when such marks are due to the act of the voter himself." 26 Am.Jur.2d, Elections, § 266, p. 93.

As the unusual marks in the form of initials on the disputed ballots were not made by the voters the same did not invalidate or render the ballots void. They were all properly counted by the Recount Board as cast. We accordingly affirm the result reached by the Recount Boards in Harding and Perkins counties pertaining to this contest.

All the Judges concur.