Carol STELLNER, Plaintiff
and Appellee,

v.

S.L. (Sam) WOODS, Defendant,

and

Merrill Rix, Defendant and Appellant.

No. 14676.

Supreme Court of South Dakota.

Argued Sept. 5, 1984.

Decided Sept. 11, 1984.

Thomas P. Tonner of Maynes, Tonner, Maynes & Tobin, Aberdeen, for plaintiff and appellee.

James M. Cremer of Bantz, Gosch, Cremer, Peterson & Oliver, Aberdeen, for defendant and appellant Merrill Rix.

WOLLMAN, Justice.

This is an appeal by Merrill Rix from an order of the circuit court that reversed the determination of the Brown County Recount Board and directed that appellee, Carol Stellner, be certified as one of the Democratic candidates for the office of Brown County Commissioner. We affirm the order in part, reverse in part, modify the order accordingly, and remand the case to the circuit court with directions.

There were four Democratic candidates for the position of county commissioner on the June 5, 1984, primary election ballot in Brown County, including appellee, Carol Stellner, and appellant, Merrill Rix. The results of the official canvass revealed that candidates S.L. Woods and Julie Fountain, who are not parties in this appeal, had received 1,838 votes and 1,697 votes respectively, Stellner 1,784 votes, and Rix 1,783 votes.

Rix requested a recount. The recount board certified that candidate Woods had received 1,840 votes, Rix 1,782 votes, and Stellner 1,781 votes.

Stellner then commenced this action in circuit court, challenging the recount board's decision. The trial court held that the recount board had improperly counted four ballots. The effect of the trial court's ruling was to give candidate Woods 1,836 votes, Stellner 1,780 votes, and Rix 1,779 votes.

The parties agree that only four ballots are in issue in this appeal. They will be referred to as contested ballots one, three, six, and seven.

At the outset, it should be noted that the ballots used in the primary election were designed to be tabulated by an electronic

recording device, as authorized by SDCL ch. 12–17A. Accordingly, before the name of each candidate there appeared a small oval, rather than the square box commonly used on traditional paper ballots. The instructions to the voter at the top of the ballot stated in part: "TO VOTE YOU MUST BLACKEN THE OVAL (●) COMPLETELY!"

On contested ballot number one, the voter had blackened completely the ovals before the names of candidates Woods and Rix. In addition, a very light mark appeared in the oval before Stellner's name. Because the voters were entitled to vote for only two of the candidates for county commissioner, the tabulating machine was programmed to reject any ballot that contained marks in more than two ovals in that particular section of the ballot. The electronic tabulator therefore rejected ballot number one during the tabulation process. The members of the election committee, appointed pursuant to SDCL 12–17A–38, determined that it had been the intention of the voter to vote for Woods and Rix. Accordingly, they affixed a white sticker over the ovals before the names of Stellner and Fountain, which permitted the ballot to be tabulated by the recording machine as a vote for both Woods and Rix.

On contested ballot number three, the voter had blackened completely the ovals before the names of Stellner and Woods. In addition, there appeared a small black mark in the oval before Fountain's name. After the ballot had been rejected by the tabulating machine, the members of the election committee determined that the voter had intended to vote for Stellner and Woods, whereupon they affixed a white sticker over the oval before Fountain's name, thereby allowing the ballot to be tabulated on the machine as a vote for Stellner and Woods.

On contested ballot number seven, the ovals before the names of Woods and Rix were substantially blackened by the voter. In addition, there appeared a partial black mark, more substantial than that appearing on contested ballots one and three, in the oval before Stellner's name. The members of the election committee determined that the voter had intended to cast votes for Woods and Rix. Accordingly, they placed a white sticker over the oval before Stellner's name, allowing the ballot to be tabulated as a vote for Woods and Rix.[*]

On contested ballot number six, the voter, in addition to blackening the ovals before the names of Woods and Rix, drew circles around those names and the ovals appearing before them, as did the voter with respect to the names of candidates for two other offices. Moreover, the voter drew parentheses around the ballot heading stating "Candidates Preferring GARY HART for President," in addition to blackening the oval before that designation.

The recount board determined that all four of the above-described contested ballots should be counted. The circuit court disagreed with the recount board, holding that because the voters marking contesting ballots one, three, and six, had voted for more than two candidates for county commissioner, all of the votes for that position should have been rejected on those ballots. The trial court held that the circles and the parentheses appearing on contested ballot number six constituted identifying marks that rendered the ballot invalid.

It has long been the rule in this state that it is the duty of courts and election judges to "determine and carry out the intent of the elector when satisfied that the elector has endeavored to express such intent in the manner prescribed by law or by directions found upon the ballot ...." *Ward v. Fletcher*, 36 S.D. 98, 103, 153 N.W. 962, 964 (1915). *See also Jewett v.*

---

[*] There appears to be no statutory or administrative provision authorizing the use of stickers to facilitate the electronic tabulation of ballots. We note that the recount board included in its certification a recommendation that the election committee prepare duplicate ballots pursuant to SDCL 12–17A–41 rather than placing stickers on those ballots that cannot be tabulated because they bear faint marks.

*Miller,* 78 S.D. 632, 635, 106 N.W.2d 611, 613 (1960).

SDCL 12–20–7 provides:

Any ballot or part of a ballot from which it is impossible to determine the voter's choice shall be void and shall not be counted. When the marks complying with §§ 12–18–16 to 12–18–21, inclusive, on a ballot are sufficiently plain to gather therefrom a part of the voter's intention and there are no marks placed on the ballot contrary to § 12–18–22 it shall be the duty of the judges of election to count such part.

ARSD 5:02:16:16 provides that "[i]t shall be the duty of the judges to use their best efforts to determine the voter's intent in marking the ballot. This section shall be construed liberally by the judges to assure that each person's vote is counted."

ARSD 5:02:16:17 provides in part that "[n]o mark shall be construed as an identifying mark when in the opinion of the judges it could have appeared on the ballot in the normal course of voting through inadvertence or inability to make a precise cross or check mark on the ballot."

In *Thorsness v. Daschle,* 285 N.W.2d 590 (S.D.1979), we held that the administrative rules duly adopted by the State Board of Elections have the force of law. *See also Corbly v. City of Colton,* 278 N.W.2d 459 (S.D.1979); *Nist v. Herseth,* 270 N.W.2d 565 (S.D.1978).

■ Applying the foregoing decisional, statutory, and administrative rules of liberal construction to ascertain and give effect to the intent of the voter, we conclude that contested ballots one, three, and seven were properly counted by the recount board. In our opinion, the additional marks on those ballots can reasonably be characterized as having been made by accident or inadvertence and were therefore not identifying marks prohibited by SDCL 12–18–22. *See Cameron v. Babcock,* 63 S.D. 554, 262 N.W. 80 (1935). Likewise, those inadvertent or accidental marks were properly held by the recount board not to

have constituted votes for the candidates before whose names they appeared.

■ We agree with the trial court that the unauthorized markings that appear on contested ballot number six constitute identifying marks prohibited by SDCL 12–18–22. In reaching this decision, we have not overlooked the provisions of ARSD 5:02:16:17, which includes as an example of a mark which shall not be construed as an identifying mark a circle drawn around a square. Nor have we overlooked this court's decision in *Warne v. Noonan,* 76 S.D. 426, 80 N.W.2d 74 (1956), in which it was held that a ballot should not be ruled invalid merely because the voter displayed a restrained enthusiasm in marking it. Given the nature and number of the unauthorized marks, it cannot be said that they were placed on the ballot through inadvertence. *See Jewett v. Miller, supra.*

The effect of our decision is to give Rix a net gain of two votes and Stellner a net gain of one vote. Accordingly, each having received 1,781 votes, a tie exists in the race between them.

That portion of the order appealed from which declared that contested ballot number six was improperly counted is affirmed. That portion of the order declaring that contested ballots numbers one, three, and seven were improperly counted by the recount board is reversed. The order is modified to certify that a tie exists between appellant Rix and appellee Stellner for the position of candidate for the office of Brown County Commissioner. The case is remanded to the circuit court with directions that further proceedings be conducted pursuant to SDCL 12–21–43 to determine which of the parties shall be certified as a nominee for the position of Brown County Commissioner.

FOSHEIM, C.J., and MORGAN, J., concur.

HENDERSON, J., and DUNN, Retired Justice, dissent.

DUNN, Retired Justice, participating.

WUEST, Circuit Judge, Acting as Supreme Court Justice, not participating.

DUNN, Retired Justice (dissenting).

I would affirm the trial court in its disposition of all of the ballots. Exhibits 1, 3, and 7, show a marking inside of the voting circle for a third candidate which is contrary to instructions. It was a sufficient marking for the machine to throw them out and these marks made within the voting circle of a third candidate cannot be characterized as inadvertent. They should not be counted.

Exhibit 6 (like Exhibit 4) has circles and other clearly identifying marks and was not cast according to instructions. It should not be counted.

It was agreed that Exhibits 2, 4, and 5 were void and should not be counted. Thus, I would affirm the trial court in its decision not to count any of the contested ballots.

I am authorized to state that Justice HENDERSON joins in this dissent.